Miller, Admrx., Appellant, *v.* Jacobs, Admrx.

Argued March 22, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*John E. Evans, Sr.,* with him *Stahlman & Carson* and *Evans, Ivory & Evans,* for appellant.

*Jos. F. Weis,* with him *August L. Sismondo* and *Sherriff, Lindsay, Weis & McGinnis,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, April 13, 1949:

The question of liability for torts committed during the course of administration of a decedent's estate has been the subject of varied discussion both by judges and academic authorities. In Pennsylvania, however, as well as by the overwhelming weight of authority in other jurisdictions, the principle that the executor or administrator, not the estate, is liable for such torts, is so firmly entrenched that no successful assault can now be made upon it.

In 1867 the legislature granted to one John W. Berryman, his heirs and assigns, the right to operate a ferry across the Monongahela River between Allen-

port in Washington County and Fayette City in Fayette County. By mesne assignments this franchise became vested, in 1891, in one James A. Jacobs, his heirs and assigns. Jacobs operated the ferry until his death in 1904, and, as he left no will, Harry P. Jacobs and C. P. Jacobs were duly appointed administrators of his estate and continued such operation. C. P. Jacobs died in 1933 leaving Harry P. Jacobs as the surviving administrator. It was during the latter's conduct of the business, in 1945, that the accident occurred which gave rise to the present litigation. One James Edward Miller, a passenger on the ferryboat "Eleanor", for which vessel a license had been granted to the administrators of the estate by the United States Bureau of Navigation, was pushed off into the river by an automobile on the boat rolling forward and striking him. Miller was drowned, and, to recover damages for his death, an action was instituted by Viola J. Miller, Administratrix of his Estate, against "Harry P. Jacobs, Administrator of the Estate of J. A. Jacobs, Deceased". Harry P. Jacobs died in 1946, and when the trial opened in 1948 there was substituted as defendant "Della M. Jacobs, Administratrix d. b. n. of the Estate of J. A. Jacobs, Deceased", she having been appointed as such administratrix two days before. It appeared from the testimony that the ferryboat was hauled by a cable which was operated from a power plant on the side of the river, and no employe was stationed on the boat itself. The negligence alleged was the failure to lift up and connect the chain at the front of the boat so as to prevent automobiles from moving forward, and also the failure to have some one on the boat who might have cast a life preserver to Miller and thereby saved him from drowning; an Act of Congress and the regulations of the Coast Guard required that a licensed operator or navigator should be employed on such a boat and also that the ends of the boat should be enclosed by a chain or rail at all times

when the boat was not secured to a landing or dock. The jury rendered verdicts in favor of the plaintiff both on behalf of Miller's estate and on behalf of his family, but the court granted a motion of defendant for judgment n. o. v., and plaintiff has taken the present appeal from that judgment.

The fact that the suit was brought against "Harry P. Jacobs, Administrator of the Estate of J. A. Jacobs, Deceased", and that, after Harry P. Jacobs' death, Della M. Jacobs was substituted as administratrix d. b. n., shows clearly that recovery was being sought from the decedent's estate and not from the administrator in his individual capacity. As already stated, such a recovery is not permitted, it being uniformly held in this Commonwealth, and generally elsewhere, that an estate is not liable for the tort of an executor or administrator committed by him, his servants, agents or employes, during the administration of the estate: *Braman's Appeal. Ryan's Estate,* 89 Pa. 78, 82; *Slakoff v. Foulke, Trustee,* 323 Pa. 352, 186 A. 79; *Clauson v. Stull, Administratrix,* 331 Pa. 101, 200 A. 593; *Prager v. Gordon (No. 1),* 78 Pa. Superior Ct. 76.[1] Whether the same rule prevails where a business is conducted by an executor in pursuance of the express direction and authority of the testator constitutes, perhaps, a different question,[2] which, however, is not involved here since

[1] "The general rule is that an executor or administrator cannot as such commit a tort, but any tort committed by him is committed individually, and renders him as an individual, and not the estate, liable in damages, except where the estate has derived pecuniary advantage from the representative's tortious act; and the rule is the same whether the injury results from intentional wrong or negligence. Whether the executor or administrator may have indemnity out of the estate is of no concern to third persons": 33 C. J. S. 1260, § 250. "The trustee is subject to personal liability to third persons for torts committed in the course of the administration of the trust to the same extent that he would be liable if he held the property free of trust." Rest. Trusts, § 264.

[2] See 65 C. J. 660 [§524]c.; also 43 Dickinson Law Review 143, 145.

James A. Jacobs died intestate; the testimony does not disclose why the administrators saw fit to continue the operation of the ferry for over 40 years instead of promptly liquidating the estate. Nor are we here concerned with the problem whether an executor or administrator who has been held individually liable for a tort is entitled to reimbursement from the assets of the estate if his liability was incurred in the proper administration of the estate and he was not personally at fault.[3]

Plaintiff seeks to evade the application of the rule exempting decedent's estate from liability by suggesting that the estate was presumably liquidated in due course following his death, and therefore that it must have been the decedent's heirs, not the administrators, who have been operating the ferry. But there was no proof presented of any such winding up of the estate or that the administrator was ever discharged from office; on the contrary, there was placed on the record at the very beginning of the trial an agreement of counsel that the ferryboat "Eleanor" at the time of the accident "was owned and operated by the Estate of J. A. Jacobs, Deceased, by its administrator Harry P. Jacobs, *who at the said time and in the said undertaking was acting within the scope of his official authority as administrator of the said estate"*. There is obviously no room, therefore, for the present contention of plaintiff that the heirs of the decedent were, either as partners or otherwise, conducting the business of the ferry under the fictitious name of James A. Jacobs Estate and consequently that it is they who should be held liable, neither was the suit brought on any such theory. Nor is it of any legal significance that the heirs permitted the business to be carried on and that they accepted the net proceeds which were periodically distributed among them, for that is a circumstance which existed also in many of the other cases and does not affect the rule

---

[3] See 65 C. J. 660 [§524]c.; Restatement Trusts, §247, comment a.; 43 Dickinson Law Review 143, 145 et seq.

imposing sole liability upon the administrator for torts committed in the course of the operation. Plaintiff makes much of the point that, in a petition to the federal court filed by Harry P. Jacobs as administrator to obtain an injunction against the prosecution of the present proceedings,[4] he stated that "The Estate of J. A. Jacobs, deceased, is the sole owner of a certain ferryboat known as 'Eleanor' ". That statement was entirely correct but it does not bear on the question of liability arising out of the negligent operation of the boat.

Plaintiff urges that she should now be allowed to amend the name of the defendant by striking off the words "Administrator of the Estate of J. A. Jacobs, Deceased", thus leaving Harry P. Jacobs named as an individual.[5] While it is true that the name of a party *already on the record* may be corrected at any time, it is elementary that a *new party,* or a party *in a different capacity,* cannot be brought on the record after the statute of limitations has become a bar. Thus, in *Bender v. Penfield,* 235 Pa. 58, 83 A. 585, it was held that, where an action for negligence had been brought against the executor of a decedent's estate, an amendment would not be allowed, after the cause of action had been barred by the statute, by making the person previously described as executor a defendant in his individual capacity. In *Slakoff v. Foulke, Trustee,* 323 Pa. 352, 361, 186 A. 79, 82, it was similarly held that, where an action of trespass had been brought against "J. Roberts Foulke, Surviving Trustee under the Will of Charles M. Foulke, Deceased," the words "Surviving Trustee, under the Will of Charles M. Foulke, Deceased" were not merely descriptio personæ and surplusage, and, since the statute of limitations had run at the time of

---

[4] The proceeding thus instituted in the federal court was subsequently discontinued by defendant.

[5] Incidentally, if those words *were* stricken off, it would be necessary to substitute in their place the name of the executor or administrator of the estate of Harry P. Jacobs, he having died since the present suit was instituted.

trial, the action could not properly be treated as one against the defendant individually. So in *Stine v. Herr, Administratrix*, 78 Pa. Superior Ct. 226, the Court refused to allow a judgment in an action of trespass against a defendant as administratrix of the estate of a decedent to be amended, more than two years after the right of action had accrued, so as to bring the defendant upon the record in her individual capacity. And in *Barrett v. First Mechanics National Bank*, 133 Pa. Superior Ct. 366, 370, 3 A. 2d 36, 38, where an attachment was brought against the executors of a decedent's estate as defendants, it was said that "While the plaintiff may have a cause of action against the defendants personally . . . he did not bring his action in that form. . . . [and] a change of the defendant from a representative to an individual capacity, or vice versa, cannot be made after the statute of limitations has run, for it involves a change of parties."

It is clear, then, not only that plaintiff has no right of action against the decedent's estate from which recovery has thus far been sought, but that it is now too late for her to amend so as to charge with liability an individual against whom she has not previously asserted a claim.

Judgment affirmed.