## Beck v. Kilroy

*Peter J. Demas,* for plaintiff.

*Smith, Best & Horn,* for defendant.

BAUER, J., June 24, 1954.—This case came on for argument before the court en banc on the regular argument list on Monday, June 7, 1954, on preliminary objections filed by counsel for defendant, John Kilroy. The preliminary objections are as follows:

1. Plaintiff filed his action in trespass to the above term and number to redress himself in money damages for personal injuries alleged to have occurred as the result of the negligence of defendant, John Kilroy, said negligence being that defendant negligently failed to repair and maintain the first floor of the premises located at 330 Donner Avenue, Monessen, Westmoreland County, Pa., and to keep the same in a good and safe condition.

2. Plaintiff alleges in his complaint that as a result of the aforesaid negligence, he was caused to fall and trip on the floor, which fall allegedly caused personal injuries to his person.

3. In Paragraph 3 of the complaint as filed, plaintiff alleges that on November 25, 1950, the day of the alleged accident, defendant, John Kilroy, and Anna V. Kilroy were the owners with rights of survivorship of a two-story building located at 330 Donner Avenue, Monessen, Westmoreland County, Pa.

4. In paragraph 4 of the complaint as filed, plaintiff alleges that Anna V. Kilroy, former coöwner of the building is now deceased.

5. Pursuant to Pa. R. C. P. 2227 persons having a joint interest in the subject matter of an action

must be joined on the same side as plaintiffs or defendants.

6. Plaintiff, in his complaint as filed, failed to join the personal representative of the deceased coöwner of the building, Anna V. Kilroy, as a codefendant, as he is required to do by the rule of civil procedure as set forth above.

The facts would seem to indicate that plaintiff is seeking to recover money damages for personal injuries alleged to have occured as a result of the negligence of defendant in failing to repair and maintain the first floor premises located at 330 Donner Avenue, Monessen, Westmoreland County, Pa., and to keep the same in a good and safe condition; that as a result of the negligence of defendant, plaintiff was caused to fall and trip on the floor of the building, which fall caused personal injuries to his person; that Anna V. Kilroy was a former coöwner of the building, and is now deceased; that defendant, John Kilroy and Anna V. Kilroy were the owners of the premises with rights of survivorship; that the accident happened to plaintiff on November 25, 1950.

The record discloses that a writ of summons was issued on November 24, 1952, and was served on the wife of John Kilroy, defendant, on December 8, 1952; on January 21, 1954 there was filed in the office of the Prothonotary of Westmoreland County, a rule on plaintiff to file his complaint within 20 days; on February 25, 1954, the above rule was reissued, and on March 11, 1954, the complaint in trespass was filed and service was accepted by counsel for defendant; and on March 30, 1954, the present preliminary objections were filed.

Counsel for defendant, John Kilroy, in their brief and in their argument before the court en banc, stressed the point that Anna V. Kilroy should have been made a codefendant because she was a coöwner

with defendant, John Kilroy, and relied on Pa. R. C. P. 2227(a), which states that persons having a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants; and under Pa. R. C. P. 1032(2), that wherever it appears by suggestion of the parties or otherwise that there has been a failure to join an indispensable party, the court shall dismiss the action. They have cited in their brief the case of Minner v. Pittsburgh et al., 363 Pa. 199, 205, where our Supreme Court has said that liability for the negligence complained of having grown out of ownership of real estate held by tenants in common, all owners were required to be joined. This is undoubtedly the law.

It now becomes a question of whether the court en banc should dismiss the complaint as a result of this failure to join an indispensable party rather than to allow plaintiff to amend his complaint to bring in the indispensable party to the cause on the record.

We are inclined to believe that plaintiff should be permitted to amend his complaint to do this.

It must be kept in mind that these Rules of Civil Procedure are to be construed with the ultimate goal in mind at all times to bring justice to the litigants. We find that the Rules Committee, in explaining these rules, in vol. 2, Anderson Pennsylvania Civil Practice, page 506, say, as follows:

"If the Court determines that the only defect is the failure to join an indispensible party it should not dismiss the action forthwith, although this course is literally required by Rule 1032(2). Rule 2232(c) provides that the Court may order the joinder of an additional person who could have joined or who could have been joined in the action and may stay all proceedings until such person has been joined.

"In the interest of securing a just and inexpensive determination of the matter, the Court on determin-

ing that an indispensable party has not been joined should stay the action for a reasonable period of time to enable the moving party to endeavor to persuade the indispensable party to join in the action, if he should appear as a plaintiff, or attempt to serve him."

Under all the circumstances as we have heretofore set forth we feel that the plaintiff should be given a reasonable length of time to comply with the Rule requiring this indispensable party to be brought upon the record.

Counsel for defendant, in a supplemental brief emphasizes that the court is without power to permit the additional party to be brought on the record at this time because the statute of limitations has run, and cites as his authority the case of Miller, Adm., v. Jacobs, Admx., 361 Pa. 492. This is undoubtedly very good law and the court is in agreement with the law therein laid down.

We also notice that our Supreme Court in the recent case of Waugh v. Steelton Taxicab Company, 371 Pa. 436, distinguished the Miller case, supra, and permitted plaintiff to amend his complaint after the statute of limitations had run, to substitute as defendant the name of the individual instead of the Steelton Taxicab Company.

We believe that it would be necessary for this court to sustain the argument of counsel for defendant as to the statute of limitations but for the fact that counsel for defendant has failed to raise this matter in the proper procedural form, as required by our Pennsylvania Rules of Civil Procedure. It must be noted that under Pennsylvania R. C. P 1030, the defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, *statute of limitations* and waiver shall be pleaded in

a responsive pleading under the heading "New Matter"; and it must be noted that under this rule of civil procedure that the pleading of the statute of limitations must be done not by preliminary objections but by an answer: Thomas V. McLean, 365 Pa. 526.

Reference to rule 1032 further discloses that a party waives all defenses and objections which he does not present either by preliminary objections, answer or reply, with certain exceptions. We find that the failure to raise the statute of limitations by answer under New Matter is not one of these exceptions. And we find further that in the notes of the Rules Committee, in Anderson Pennsylvania Civil Practice, vol. 2, page 504, that this waiver extends to the statute of limitations, and the statute of limitations does not come within certain exceptions to this general principle of waiver by failure to plead.

While this is a very close question, we believe that substantial justice may be reached if the plaintiff is permitted to bring in the additional party.

The court wishes to call to the attention of counsel for plaintiff the necessity of filing a brief, for under our new rules of court this proceeding could have been dismissed.

And now, June 24, 1954, after argument and after due and careful consideration it is ordered, adjudged and decreed that the preliminary objections heretofore filed on behalf of John Kilroy, defendant, be and the same hereby are dismissed, upon condition that plaintiff, within 20 days from the date of this opinion and decree, shall amend his complaint by bringing upon the record as an additional defendant, Anna V. Kilroy, or her legal representative; if plaintiff fails to comply with this order within 20 days from the date hereof, the preliminary objections heretofore filed by defendant, John Kilroy, shall be sustained and the case dismissed.