**Cannistra v. Leech**

*W. Irvine Wiest* and *James R. English, Jr.*, for plaintiff.

*Daniel W. Kearney* and *R. H. Klein*, for defendant.

TROUTMAN, J., March 26, 1956. — This action is brought to recover for personal injuries claimed to have been suffered by plaintiff when he fell while descending steps of St. Edward's Hall in the City of Shamokin, Northumberland County, on June 3, 1951. The action was started by the issuance of a summons in trespass on May 28, 1953, which was shortly before the expiration of the two-year statute of limitations. On December 20, 1954, plaintiff filed his complaint stating his cause of action.

On January 8, 1955, defendant filed preliminary objections in the nature of a demurrer and stated six reasons in support of said demurrer. The sixth reason assigned in support of the demurrer could not be sustained on the face of the record without testimony to support it. Counsel for both parties agreed that all of the reasons assigned in support of the demurrer except the sixth should first be argued. The agreement, approved by the court, providing that argument shall be had on the first five reasons in support of the preliminary objection and after consideration of such reasons by the court, if the court be of the opinion that defendant's demurrer can not be sustained, the court shall notify counsel for both parties and defendant shall then have the privilege of producing testimony in support of the sixth reason, and after such testimony, argument should be had thereon and the court should then proceed to determine the demurrer based upon all of the reasons.

Subsequently, the court signed an order in which it was stated that in order to properly dispose of the entire matter, the court should have before it the sixth reason which would require testimony to support it and directed that testimony be taken in support of the

sixth reason. The court, in its order, did not pass upon the merits of the first five reasons assigned by defendant in support of his preliminary objection.

Subsequently, on February 3, 1956, counsel for defendant filed a withdrawal of the sixth reason in support of its preliminary objection. Defendant's preliminary objection in the nature of a demurrer based upon the first five reasons in support thereof, is now before the court for disposition.

The first reason filed by defendant in support of his preliminary objection is that a trustee is not liable for ordinary negligence, but only for gross negligence equivalent to wilful misconduct. In his brief, defendant admits that there is no merit in this reason and withdraws the same from the court's consideration.

Reasons two to five, inclusive, raise substantially the same question which is to the effect that for any cause of action arising through the alleged negligence of a trustee, the trustee is personally liable and the action must be brought against him in his individual capacity. Defendant contends that the action has been brought against defendant in his capacity as trustee and, therefore, can not be maintained and, since the statute of limitations has run, plaintiff has no right to amend his cause of action as to make it one against defendant as an individual.

It is well settled that an executor or trustee is personally liable for negligence in managing an estate and an action arising from such negligence must be brought against him in his individual capacity: Slakoff v. Foulke, 323 Pa. 352, 361. To the same effect is section 264 of the Restatement of the Law of Trusts. The rule of the Restatement was approved by the Supreme Court of Pennsylvania in Miller v. Jacobs, 361 Pa. 492, 495.

Plaintiff does not dispute the principle that a trustee can not be sued in his fiduciary capacity for negligence in managing an estate but contends that in this case

defendant is not sued in any fiduciary capacity but is sued in his individual capacity as owner of the premises. Plaintiff contends that the descriptive words following the name of the Most Reverend George L. Leech, DD., describe his position as owner of the land and not as a trustee of a trust estate.

Plaintiff's complaint avers that on June 3, 1951, plaintiff was serving St. Edward's Church as an usher at commencement exercises being held in St. Edward's Hall, that at the southwest corner of the said hall there is a stone stairway consisting of 11 steps which faces west and leads from the hall to the yard surrounding the hall, that at the close of the ceremony plaintiff left the hall and as he stepped from the doorsill to the first step his foot came in contact with a spot of paint and oil approximately one foot in diameter and that the spot was slippery and caused plaintiff to slip and fall head first to the bottom of the stone steps. The negligence averred in the complaint was to the effect that defendant permitted the said spot of paint or oil to remain upon the steps so as to constitute a danger to persons lawfully using said steps without any warning of the dangerous condition created.

· This action was instituted by a writ of summons in trespass and the caption described defendant as follows: "The Most Reverend George L. Leech, DD., Bishop of Harrisburg, and his successor in office, in trust for the Roman Catholic Congregation of St. Edward's, Shamokin, Pennsylvania." The complaint, subsequently filed, describes defendant in the same manner and, in the second paragraph of the complaint, plaintiff avers: "The defendant, the Most Reverend George L. Leech, DD., is the Bishop of the Harrisburg Diocese of the Roman Catholic Church, and as such is the owner, in trust, of the real estate and the buildings situate thereon of the Catholic Congregation of St. Edward's, Shamokin, Pennsylvania." The complaint fur-

ther avers that on the date of the accident defendant was the owner, in trust, as stated in paragraph two, of St. Edward's Hall. In the subsequent paragraphs of the complaint, plaintiff uses the word "defendant" without any further description.

Defendant contends that the words "in trust for the Roman Catholic Congregation of St. Edward's, Shamokin, Pennsylvania", are not merely descriptio personae but specifically show that George L. Leech was sued in his trust capacity. Plaintiff's contention is that as Bishop of the Roman Catholic Church of the Harrisburg Diocese he has absolute title to real estate and, consequently, is more than a trustee, but is the actual owner of the premises and it was necessary to describe him in the language used in the complaint in order to identify him as the owner of the land.

Unquestionably, the language used in the caption of the case and in plaintiff's complaint clearly designates George L. Leech, Bishop of Harrisburg, as trustee for the Roman Catholic Congregation of St. Edward's, Shamokin. The words "in trust" are classic words used to establish a trust. To bring the suit against him as an individual, all that would be required would be to bring the suit against George L. Leech. The question that arises in this case is whether the bishop holds the property, in fee simple, or as an absolute owner, without any trust imposed thereon and thus holding the words describing him as mere words of description and not as a trustee.

Plaintiff's complaint does not aver any provisions of canon law to indicate any different relationship between the premises upon which the alleged accident happened and defendant, George L. Leech, than would exist in any other property which would be held in trust by any other individual or corporation. The Act of June 20, 1935, P. L. 353, sec. 1, 10 PS §81, provides that whenever any property has heretofore been or

shall hereafter be conveyed to any ecclesiastical corporation or bishop for the use of any church, congregation or religious society for or in trust for religious worship or sepulture or for use by said church for a school or hall, it shall be taken and held subject to the control and disposition of such officers or authorities of such church, congregation or religious society having a controlling power according to the rules of such church, congregation or religious society, which control, and disposition shall be exercised in accordance with and subject to the rules and regulations, usages, canons, discipline and requirements of the religious body, denomination or organization to which such church, congregation or religious society shall belong.

While we can not take judicial notice of the canon law of the Roman Catholic Church, inasmuch as such law does not affect the public at large, nevertheless, from references made to such law in the decisions of the Supreme Court of Pennsylvania (Canovaro v. Bros. of the Order of Hermits of St. Augustine, 326 Pa. 76, 85; Post v. Dougherty, 326 Pa. 97, 102) it is safe to assume that the control of the property of the church, ecclesiastically, both real and personal, under canon law, is in the bishop and in the priest as his representative in a particular parish and that while the bishop may have title, power and control over the property used by a Roman Catholic congregation, he can only hold such property and exercise such control over it in furtherance of the worship of God in accordance with the Roman Catholic faith and the laws in his diocese. Consequently, the bishop does not have absolute ownership over the property but he holds the title subject to its uses, purposes and benefits for which it was given, acquired or devised. The Act of 1935, supra, prohibits the diversion of any property from the purposes, uses and trusts to which it may have been heretofore lawfully dedicated, or to which it may hereafter be lawfully dedicated.

We conclude, in the absence of any canon law to the contrary, the bishop holds title to the premises in question in trust for the Roman Catholic Congregation of St. Edward as long as said congregation exists and therefore is a trustee of said property for the purpose of religious worship and uses. The complaint alleges that defendant is the bishop of the Harrisburg diocese of the Roman Catholic Church, and as such is the owner, in trust, of the real estate and the buildings situate thereon of the Catholic congregation of St. Edward's and that on the date of the accident he was the owner in trust of St. Edward's Hall. Clearly this action in trespass has been brought against George L. Leech, not as an individual but as a trustee in his fiduciary capacity which action can not be sustained in this Commonwealth. See Slakoff v. Foulke, supra.

It is obvious from the date of the accident averred in the complaint that the statute of limitations would be a bar against the bringing of any action against a new party. While the name of a party already on the record may be corrected at any time, a new party, or a party in a different capacity, can not be brought on the record after the statute of limitations has become a bar: Miller v. Jacobs, supra, 497. Since the statute of limitations has run we can not correct the record by substituting the name of George L. Leech, as an individual, for George L. Leech, as trustee, as appears in the present action.

In accordance with the foregoing opinion, defendant's preliminary objection in the nature of a demurrer must be sustained. However, since reference has been made to canon law and since the court can not take judicial notice of the same, we are of the opinion that plaintiff should be given the opportunity to amend his complaint should there be any canon law or church rules to the contrary.

*Order*

And now, to wit, March 26, 1956, defendant's preliminary objection in the nature of a demurrer is hereby sustained and unless plaintiff shall file an amended complaint in accordance with this opinion within a period of 20 days from the date hereof, judgment shall be entered in favor of defendant and against plaintiff. Let an exception be noted for plaintiff.