### John M. Rouse, Incorporated v. George W. Myers Co., Inc.

*James McG. Kelly*, for plaintiff.

*Paul J. Donnelly*, for defendant.

HIRSH, J., September 1, 1971.—This matter is before the court on plaintiff's motion to amend the caption and complaint. The suit in this case was instituted by John M. Rouse, Incorporated. Plaintiff now alleges that the contract was entered into by John M. Rouse as an individual and that the contract was performed by him as an individual. Plaintiff wishes, therefore, to amend the caption and complaint, despite the fact that the statute of limitations has expired.

In the matter before us, Rouse individually, who now claims that he is the real party in interest, seeks to amend the complaint to show himself as the nominal plaintiff for the use of John M. Rouse, Incorporated, which it is now claimed was not a party in interest.

The name of a party can be corrected. However, the rule is clear that a party cannot be brought upon the record in a different capacity after the statute of limitations has become a bar: §106 of Limitations of Actions in Pa. Law Encycl.

While the name of a party already on the record may be corrected at any time, a new party, or a party in a different capacity cannot be brought on the record after the statute of limitations has become a bar: Miller, Admrx. v. Jacobs, 361 Pa. 492.

The present case is similar to that of Bojanac v. Smith, 25 Beav. Leg. J. 67 (1963), in which the court refused to permit an amendment of the party-plaintiff where a suit had been brought in the name of an administratrix when, in fact, there had been no administratrix at the time the suit was instituted.

The proposed amendment would not merely correct

the name of the party plaintiff. It would introduce an entirely different party, namely John M. Rouse, as an individual instead of the corporation.

Accordingly, it is hereby ordered that plaintiff's motion to amend the caption is denied.