## Su-Jen Jeng Estate v. Witters

*Lee C. Swartz, Hepford, Zimmerman & Swartz,* for plaintiff.

*Richard Wix, David C. Eaton* and *F. Lee Shipman,* for defendants.

DOWLING, J., December 2, 1971.—This case presents what appears to be a novel issue, namely, whether one denominated as a defendant may be permitted to amend the caption of the action so as to become a plaintiff therein, after the expiration of the statute of limitations.

The cause of action involved arose out of an automobile collision occurring on August 23, 1969, when an automobile operated by defendant, Witters, came in contact with a vehicle operated by defendant, Ying-Chi Cheng, the latter having as passengers, Bih-Jing Jeng, Su-Jen Jeng, and Shen Pier Jeng. On the last day of the applicable statute of limitations, namely August 23, 1971, an action in trespass was commenced in the Court of Common Pleas of Dauphin County by the filing of a praecipe and captioned:

"Bih-Jing Jeng, Administrator of the Estate of Su-Jen Jeng, deceased, and Bih-Jing Jeng, in his own right,

Plaintiff

v.

Joseph E. Witters, General Motors Corporation, Shen Pier Jeng and Ying-Chi Cheng,

Defendants"

On September 10, 1971, plaintiff filed a motion to amend the caption of the summons to delete Shen Pier Jeng as a defendant and add him as a plaintiff. A rule to show cause was granted and defendants Witters and General Motors answered, resisting the amendment on the grounds that prejudice would result, in that to allow said amendment would be to permit a claim otherwise barred by the statute of limitations.

Translated into a more simplified and pronounceable factual setting, we have a situation where in a two car collision one of the passengers is sued by another and it is now desired that passenger defendant be transformed into passenger plaintiff. Can this be done after the expiration of the governing statute of limitations?[1] We think not.

The general rule controlling the subject motion was set forth some time ago in Girardi v. Laquin Lumber Co., 232 Pa. 1, 2 (1911):

"Where the statute of limitations has run, amendments will not be allowed which introduce a new cause of action or bring in a new party or change the capacity in which he is sued. If the effect of the amendment is to correct the name under which the right party is

---

[1] "Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death must be brought within two years from the time when the injury was done and not afterwards. . . .": Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34.

sued, it will be allowed; if it is to bring in a new party, it will be refused."

Neither the advent of the new Rules of Civil Procedure, nor subsequent decisions have altered this principle. Thus, over 50 years later in Saracina v. Cotoia, 417 Pa. 80 (1965), the court echoes Girardi v. Laquin Lumber Co., saving at page 83: "While there are strong indications in this case that SARACINA intended to bring suit against the operator of the vehicle, ROBERT CATOIA, an amendment to the complaint, after the statute of limitations has run, to bring in a new and distinct party to the action cannot be permitted." This court, speaking still more recently through Judge Lipsitt, said that it must determine whether the proposed amendment would merely have the effect of removing an ambiguity or whether it would bring a new defendant onto the record: Elliott v. Stump, 89 Dauphin 387 (1968).

Regardless of the reason for the original designation,[2] it is clear that to transfer Shen Pier Cheng from the position of party defendant to party plaintiff is adding a new party to the case, and in respect to said party creating a new cause of action, all being contrary to the above principles.

Plaintiff predicates the motion on the provisions of Pennsylvania Rule of Civil Procedure 1033, allowing amendments to ". . . correct the name of a party or amend his pleading. . . .", and to aver transactions or occurrences even though giving rise to a new cause of action. Rule 1033 has no application here, since while it relates to correcting the name of a party or amending a pleading, it does not relate to the

---

[2] The one so like the other, as could not be distinguish'd but by names.

addition of parties. As stated in Goodrich-Amram Civil Practice, section 1033-3:

"These Rules contain no provisions for the amendment of the complaint by adding or dropping parties to the action. These provisions are unnecessary here, as they have already been supplied in the Rules for Joinder of Parties. Rule 1033 limits itself to amendments which seek to 'correct' the 'name of a party'. . ."

The addition of parties is specifically covered by Pa. R.C.P. 2232 (c), which provides:

"At any stage of an action, the court may order the joinder of any additional person who could have joined or could have been joined in the action and may stay all proceedings until such person has been joined. . . ."

Although Rule 2232 (c) does not expressly refer to limitations on joinder, the Goodrich-Amram commentary to Rule 2232 (c), section 2232 (c)-3 makes clear the limitation on the power granted:

"The power granted in sub-division (c) is necessarily limited by the statute of limitations. A person cannot be joined as a plaintiff, regardless of how indispensable he may be, if the statute would bar him from bringing an independent suit. . . .

"While sub-division (c) is not expressly subject to this limitation, the Enabling Act authorizing the promulgation of these Rules prohibits any alteration of the statute of limitations. The Rules should be construed to avoid changing those statutes and the decisions regulating their application. It has long been established that new parties cannot be added by amendment when the period of the statute of limitations has run. Accordingly, sub-division (c) prohibits the joining of additional parties on the court's motion when the statute of limitations would prohibit the prosecution of independent actions by or against them."

To the same effect are comments in Standard Pennsylvania Practice:

"Application for amendments with respect to parties made after the statutory time for bringing action has expired generally are permitted if the opposite party is deprived of no substantial right thereby. Amendments are freely permitted for the purpose of correcting a mistake in the name of a party so long as, under the guise of correcting a name, a new party or new cause of action is not introduced and an amendment changing the capacity in which a party sues may be allowed if the cause of action is not changed thereby.

"On the other hand, amendments will not be allowed as to parties after the statute of limitations had run, where the amendment will prejudice the other party, or bring in a new party, either by substitution of one party for another or by addition of another party": 2 Standard Pennsylvania Practice, Rev., page 202 "Limitations of Actions", section 139.

"An amendment adding a party would not be allowed if it would change the cause of action. Nor would the addition of a party by an amendment be allowed if it would deprive the opposite party of a meritorious defense or a substantial right, such as the right to plead the statute of limitations, . . .": 2 Standard Pennsylvania Practice, Rev., page 427 "Parties", section 104.

Here, although Shen Pier Jeng is presently a party to the action, he is a party in the capacity of defendant. To change that capacity to that of plaintiff is equivalent to permitting the addition of a new party to the action after the expiration of the statute of limitations. This is not a case where one made a party is merely incorrectly identified as in Powell v. Sutliff, 410 Pa.

436 (1963), where an amendment was permitted to change the designation of defendant from a partnership to a corporation. As said in Miller, Admx., v. Jacobs, Admx., 361 Pa. 492, 497 (1949):

"While it is true that the name of a party *already on the record* may be corrected at any time, it is elementary that a *new party,* or a party *in a different capacity,* cannot be brought on the record after the statute of limitations has become a bar." (Italics supplied.)

The authorities relied on by plaintiff in his brief are not applicable to the facts presented herein, for none of them involve situations where a party is to be added after the statute of limitations has expired.

Plaintiff twice cites Fireman's Pension Fund v. Minnow, 62 Dauph. R. 196 (1951), for the proposition that amendments should be freely granted and claims not defeated by pleading defects or errors of counsel. Yet in this very opinion, the court, speaking through Judge Neely, stated at page 205:

"The adjudicated cases all suggest that the courts have treated with great liberality the question of the amendment of the name of the party plaintiff where the amendment does not inject a new cause of action, *and particularly is this true where the statute of limitations has not run.*" (Italics supplied.)

In the motion to transfer Shen Pier Cheng from the position of that of defendant to that of plaintiff, it is asserted that no prejudice will result to defendants. It is obvious that to allow a new claim to be asserted at this date would deprive defendants of the benefit of the statute of limitations which would certainly be to their substantial detriment.

## ORDER

And now, this December 2, 1971, plaintiffs' rule to

show cause why leave should not be granted to plaintiff to file an amended summons to show Shen Pier Cheng as a party plaintiff rather than a party defendant is discharged.