**Barr v. Easton**

C.P. of Lycoming County, No. 13-02461

*Leslie M. Fields*, for plaintiff.
*Brigid Q. Alford*, for defendants.

GRAY, *J.*, July 7, 2014—This matter comes before the court on two sets of preliminary objections filed by separate defendant groups in this matter. After review of the objections, response, argument, complaint, and briefs, the court enters the following opinion and order,

overruling the objections to counts 2-5 and granting the objection to count 5.

## Procedural and Factual Background

This matter arises from a drunk-driving hit and run motor vehicle accident that occurred at 2:45 a.m. on October 9, 2011. Defendant, John M. Easton, Jr., ("Easton") while operating a 1994 Ford pickup truck, veered into the left lane and collided with a parked pickup truck and struck Alonzo D. Barr, plaintiff, who was standing next to a truck after just opening it.

Until 7 p.m. on October 8, 2011, Easton had been working at a trailer park in Loyalsockville. After work, Easton socialized and consumed alcoholic beverages with residents and friends at the trailer park. From there, Easton drove the 1994 Ford pickup to the defendant Loyalsock Hotel. The employer related defendants[1] owned and controlled the 1994 Ford pickup truck that Easton had at the job site and operated at the time he injured plaintiff. At the Loyalsock Hotel, Easton started drinking beer, later switching to rum and cokes. At about 8 p.m. defendant left the hotel and went to a party where he drank more rum and cokes. Easton returned to the hotel, consuming rum and cokes until closing time of 2:30 a.m. on October 9, 2011. After closing, Easton drove the 1994 Ford pickup to the Shamrock Grill at 762 West 4th Street, but it was closed. Approximately 15 minutes after leaving the Loyalsock Hotel, Easton drove the 1994 Ford pick-up truck from West 4th street to around Elmira Street and West 3rd Street, where he collided with a parked pick-up

---

1. The employer-related defendants include: Carey Pallet, Inc., t/d/b/a/ Carey Pallet, D.F. Carey & Son Lumber and Pallet, Inc., and Palcon, LLC., Daniel F. Carey and Matthew D. Carey, as officers.

truck and struck plaintiff. Easton fled the scene, and was later arrested and charged with several felonies, misdemeanors and traffic summary offenses.

Plaintiff suffered severe, painful, serious and permanent injuries including the following: a concussion with amnesia, a right pneumothorax, bilateral pulmonary contusions, bilateral renal lacerations with right perinephric hematoma; right knee laceration; right nondisplaced oblique tibiofibular fracture; nondisplaced left 10th rib fracture; T5 body and bilateral pedicle fractures; T5 and T6 grade 1 retrolisthesis; L1 and L2 grade 1 retrolisthesis and blood loss anemia..

The complaint includes 5 counts. Count 1 consists of the negligence claim against Easton, the driver. No preliminary objections have been made with respect to count 1.

Counts 2 & 3 consist of negligent entrustment claims against Easton's employer (Carey Pallet, Inc., D.R. Carey & Son Lumber and Pallet, Inc., Daniel F. Carey, Matthew D. Carey and Palcon, LLC., (collectively "employer-related defendants")). Plaintiff alleged that the 1994 Ford pickup truck operated by Easton was owned and controlled by these defendants. Count 2 is directed at defendant Corporation which includes: Carey Pallet, Inc., t/d/b/a/ Carey Pallet, D.F. Carey & Son Lumber and Pallet, Inc., and Palcon, LLC. Count 3 is directed at officers of the corporations, i.e., Daniel F. Carey and Matthew D. Carey, the president and treasurer, respectively, of D.F. Carey & Son Lumber and Pallet, Inc. Defendants' preliminary objections to count 2 and 3 are in the nature of a demurrer with respect to allegations required for negligent entrustment.

Counts 4 and 5 consist of dram shop claims against

the establishment-related defendants for serving alcohol to Easton. These defendants are: The Loyalsock Hotel, Inc. and d/b/a/ The Loyalsock Hotel, Estate of Mary E. Temple, David J. Eck and Earl J. Eck, co-executors, and t/d/b/a Loyalsock Hotel (collectively "establishment related defendants," and the estate of Mary E. Temple, David J. Eck and Earl J. Eck, as the "estate"). These defendants filed preliminary objections to both count 4 and 5 for failure to state a cause for which relief may be granted (demurer). Count 4 consists of a claim for dram shop statutory liability and count 5 is for common-law dram shop liability.

The complaint avers that the establishment-related defendants, by their employees / servants / agents, repeatedly served alcoholic beverages to Easton when Easton was visibly intoxicated and this was the proximate cause of plaintiff's injuries. First, defendants object that since the Loyalsock Hotel was not incorporated on October 8-9, 2011, and therefore could not be liable under count 4 or 5. Second, defendants object that since an estate cannot be liable for torts committed during the administration of the estate, the estate cannot be liable under counts 4 or 5. Lastly, defendants demur to count 5 and moved to strike paragraphs 40(a), (e)-(m) under this count, asserting that dram shop statute precludes claims based upon common-law negligence.

## Legal Standards

Preliminary Objections

1. A party may file preliminary objections based on the legal sufficiency or insufficiency of a pleading (demurrer) pursuant to Pa. R.C.P. 1028(a)(4).

2. A demurrer tests the legal sufficiency of the complaint.

*Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 714 (Pa. Super. 2005).

3. When reviewing preliminary objections in the nature of a demurrer, the court must "accept as true all well-pleaded material facts set forth in the complaint and all inferences fairly deducible from those facts." *Thierfelder v. Wolfert*, 52 A.3d 1251, 1253 (Pa. 2012), citing, *Stilp v. Commonwealth*, 940 A.2d 1227, 1232 n.9 (Pa. 2007).

4. "Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are *clear and free from doubt.*" *Bower v. Bower*, 611 A.2d 181, 182 (Pa. 1992)(emphasis added).

Negligent Entrustment

5. Pennsylvania has adopted RESTATEMENT (SECOND) OF TORTS § 308. *Wittrien v. Burkholder*, 965 A.2d 1229, 1232 (Pa. Super. 2009); *See also, Ferry v. Fisher*, 709 A.2d 399, 403 (Pa. Super. 1998)(Judgment notwithstanding the verdict should have been granted to car dealership who failed to require production of a valid license prior to allowing test drives.)

6. "It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others." RESTATEMENT (SECOND) OF TORTS § 308.

7. Comment b to § 308 notes that "[t]he rule stated in this section has its most frequent application where the third person is a member of a class which is notoriously likely to misuse the

thing which the actor permits him to use." RESTATEMENT (SECOND) OF TORTS § 308, Comment b.

8. The second illustration to§ 308 provides the following. "A lends his car to B, whom he knows to be intoxicated. B's intoxicated condition leads him to cause harm to C. A is negligent toward C." RESTATEMENT (SECOND) OF TORTS § 308, Illustration 2.

9. Illustration 3 provides the following. "A and B have agreed to take two young women, in A's car, to a dance at a roadhouse and have stocked the car with liquor. A, the owner of the car, is prevented from going on the party and lends his car to B. The party takes place and B gets drunk, as A knows that he has done on other similar occasions, and while drunk drives the car recklessly, causing harm to C. A is negligent toward C."

RESTATEMENT (SECOND) OF TORTS § 308, Illustration 3b.

10. A valid claim for negligent entrustment requires that plaintiff plead that the defendant (1) permitted a third person, (2) to use a thing under the control of the defendant, and (3) that the defendant knew of should have known that third person intended to or was likely to use the thing in such a way that would harm another. *See, Ferry v. Fisher*, 709 A.2d 399 (Pa. Super. 1998).

Dram Shop Liability

11. 47 P.S. § 4-493, known as the Dram Shop Act, provides as follows:

(1) FURNISHING LIQUOR OR MALT OR BREWED BEVERAGES TO CERTAIN PERSONS. For any

licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated, or to any minor: *Provided further, That notwithstanding any. other provision of law, no cause of action will exist against a licensee or the board or any employe, servant or agent of such licensee or the board for selling, furnishing or giving any liquor or malt or brewed beverages or permitting any liquor or malt or brewed beverages to be sold, furnished or given to any insane person, any habitual drunkard or person of known intemperate habits unless the person sold, furnished or given alcohol is visibly intoxicated or is a minor.* (emphasis added).

12. "A violation of the statute is negligence per se and if the violation was the proximate cause of the plaintiff's injury, the defendant is liable for it." *Schuenemann v. Dreemz, LLC,* 34 A.3d 94, 100 (Pa. Super. 2011), citing, *Cron v. Sarjac, Inc.*, 552 Pa. 269, 714 A.2d 1024, 1025 (Pa. 1998).

13. To recover, plaintiff must prove: "(1) that an employee or agent of [the defendant] served the decedent alcoholic beverages at a time when he was visibly intoxicated; and (2) that this violation of the statute proximately caused [the decedent's] injuries and ultimate death." *Schuenemann, supra,* 34 A.3d at 100, citing, *Fandozzi v. Kelly Hotel, Inc.,* 711 A.2d 524, 525-526 (Pa. Super. 1998); *Miller v. Brass Rail Tavern, Inc.,* 702 A.2d 1072, 1078 (Pa. Super. 1997).

14. While no appellate court has dealt squarely with the

question of whether 47 P.S. § 4-493, precludes common law liability, the statutory language requires visible intoxication as a prerequisite to dram shop liability. "No cause of action will exist" unless the alcohol was furnished to an individual who is "visibly intoxicated or is a minor." 47 P.S. § 4-493.

Liability against an Entity Incorporated after the Tort

15. "With respect to successor liability in this Commonwealth, it is well-established that 'when one company sells or transfers all of its assets to another company, the purchasing or receiving company is not responsible for the debts and liabilities of the selling company simply because it acquired the seller's property.'" *Cont'l Ins. Co. v. Schneider, Inc.*, 582 Pa. 591, 599-600, 873 A.2d 1286, 1291 (Pa. 2005), quoting, *Hill* [*v. Trailmobile*, 412 Pa. Super. 320,] 603 A.2d [602, at] 605 [(Pa. Super. 1992); and also referencing 15 William Meade Fletcher, FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 7122 (perm. ed., rev. vol. 2004).

16. "This general rule of non-liability can be overcome, however, if it is established that (1) the purchaser expressly or implicitly agreed to assume liability, (2) the transaction amounted to a consolidation or merger, (3) the purchasing corporation was merely a continuation of the selling corporation, (4) the transaction was fraudulently entered into to escape liability, or (5) the transfer was without adequate consideration and no provisions were made for creditors of the selling corporation." *Cont'l Ins. Co.*, *supra.*, 873 A.2d at 1291, citing, *Hill*, 603 A.2d at 605; *Fletcher*, *supra*, § 7122.

17. "This Commonwealth has also recognized a

"product-line" exception to the general rule against successor liability, which permits successor liability to be imposed for injuries caused by defective products manufactured by a predecessor if the successor continues to manufacture the product." *Cont'l Ins. Co., supra.*, 873 A.2d at 1291 n.8, citing, *Hill*, 603 A.2d at 605-606.

Liability against an Estate

18. Recovery sought against an estate and not from administrators in their individual capacity "is not permitted, it being uniformly held in this Commonwealth, and generally elsewhere, that an estate is not liable for the tort of an executor or administrator committed by him, his servants, agents or employes, during the administration of the estate[.]" *Miller v. Jacobs*, 361 Pa. 492, 495, 65, A.2d 362, 364 (Pa. 1949) (citations omitted).

19. "The general rule is that an executor or administrator cannot as such commit a tort, but any tort committed by him is committed individually, and renders him as an individual, and not the estate, liable in damages, *except where the estate has derived pecuniary advantage from the representative's tortious act*; and the rule is the same whether the injury results from intentional wrong or negligence." *Miller v. Jacobs*, 65 A.2d at 364, n.1 (emphasis added) (citations omitted) quoting 33 C.J.S. 1260, § 250. Furthermore, it was noted that "[t]he trustee is subject to personal liability to third persons for torts committed in the course of the administration of the trust to the same extent that he would be liable if he held the property free of trust." *Miller v. Jacobs*, 65 A.2d at 364, n.1, quoting, REST. TRUSTS, § 264 (citations omitted).

20. In *Miller, supra*, the Pennsylvania Supreme Court

further suggested that another exception may exist "where a business is conducted by an executor in pursuance of the express direction and authority of the testator[.]" *Miller v. Jacobs*, 65 A.2d at 364, citing, 65 C.J. 661 [§ 524] c; and 43 DICKENSON LAW REVIEW 143, 145.

## Discussion

The preliminary objections are discussed below.

1. Counts 2 & 3 Negligent Entrustment — Demurrer

The court overrules the demurrer to the negligent entrustment counts which was based upon the assertion that plaintiff failed to allege specific facts establishing that the defendants had the requisite knowledge to incur liability under negligent entrustment. The court concludes that plaintiff broadly alleged the requisite knowledge on the part of the defendants at this stage in the proceedings. Specifically, plaintiff alleged that the defendant corporation (which includes Carey Pallet, Inc., D.R. Carey & Son Lumber and Pallet, Inc., and Palcon, LLC) and defendants Daniel and Matthew Carey were negligent in entrusting their 1994 Ford pickup truck to John Easton, "whom they knew or should have known, through the exercise of ordinary care, was incapable of operating the aforesaid vehicle safely and in compliance with the law because of his propensity to operate vehicles while under the influence of alcohol and/or while imbibing alcoholic beverages." *See*, complaint, ¶¶27, 31. The court notes that the defendants did not object on the grounds of insufficient specificity of a pleading and did not request a more specific pleading. This is without prejudice to raising the issue in new matter and/or a claim for summary judgment that may arise if plaintiff cannot substantiate the

averment of the requisite knowledge by any or all of the defendants or other elements of negligent entrustment.

## 2. Date of Incorporation of Loyalsock Hotel

In a so called "speaking demurrer," the Loyalsock Hotel defendants aver that since the hotel was not incorporated on October 8-9, 2011, it could not be liable to plaintiff for a tort that occurred on that date. In a "speaking" brief, the plaintiff puts forth allegations supporting legal theories of how the defendant Loyalsock Hotel can be liable for a tort occurring prior to the date of incorporation, including exceptions to the general rules of predecessor liability. Since none of the averments are properly before the court at this time and accepting as true all "well-pleaded material facts set forth in the complaint and all inferences fairly deducible from those facts." *Thierfelder, supra,* 52 A.3d at 1253, the court overrules the objection. This is not a case that is clear and free from doubt at this stage in the proceedings.

## 3. Liability of the Estate

The general rule is that "an estate is not liable for the negligence of an executor for the tort of an executor or administrator committed by him, his servants, agents or employees, during the administration of the estate[.]" *Miller, supra,* 361 Pa. at 495. However, the executors could be sued individually for their negligence.[2] *Id.* Also,

---

2. In the present case, the court concludes that the co-executors were not sued in their individual capacities to subject them to personal liability. The caption, description in the complaint, and the prayer for relief support the conclusion that David and Earl Eck were solely sued in their capacities as co-executors of the Estate. The pertinent portion of the caption lists the defendants as "THE LOYALSOCK HOTEL, INC. AND D/B/A/ THE LOYALSOCK HOTEL AND ESTATE OF MARY E. TEMPLE, DAVID J. ECK AND EARL J. ECK, CO-EXECUTORS." ¶9 of the complaint identifies defendants David and Earl Eck as follows:

an Estate may be liable if it benefits financially from the negligent activity. *Miller, supra,* 361 Pa. at 495 n.1. Lastly, the Pennsylvania Supreme Court has suggested that an estate may be liable "where a business is conducted by an executor in pursuance of the express direction and authority of the testator[.]" *Id.*

The court believes that sufficient facts are alleged at this point in the proceeding to overrule the objection based upon in the immunity of the estate for negligence of an executor. Giving the plaintiff the benefit of all inferences, the court concludes that the estate may be liable because it can be inferred that it would have financially benefited from the sale of alcohol at the hotel, and because it can be inferred that the hotel business was conducted by the co-executors pursuant to direction and authority of the testator. The Ecks were alleged to have been running the hotel business at all relevant times. The court overrules the objection without prejudice to raising the defense in new matter or in a motion for summary judgment.

## 4. Common-law Dram Shop Negligence

Defendants demur to count 5 and moved to strike paragraphs 40(a), (e)-(m), under this count, stating that the averments of negligence cannot form the basis of recovery. Count 5 consists of a claim for dram shop common-law negligence. While no appellate court has dealt squarely with the question of whether 47 P.S. § 4-493 precludes

---

"Defendant, estate of Mary E. Temple, by and through its co-executors, David and Earl J. Eck, and t/d/b/a Loyalsock Hotel, is the estate of the late Mary E. Temple, with an address at 4160 State Route 87, Upper Fairfield Township, Montoursville [.]" The prayer for relief does not seek a judgment against the Ecks individually. Therefore, the court concludes that the Ecks were not sued in their individual capacities.

common law claims, the statute provides that "No cause of action will exist" unless the alcohol was furnished to an individual who is "visibly intoxicated or is a minor." 47 P.S. § 4-493. The plain meaning of the statue makes it clear that a licensee or agent may only be held liable by serving a visibly intoxicated person. Consequently, as a practical matter, other ways of establishing liability under common law dram shop negligence become moot. Accordingly, the court grants the preliminary objections to count 5. Count 5 is hereby stricken from the complaint.

## ORDER

And now, this 7th day of July, 2014, upon consideration of defendants' preliminary objections, it is hereby ordered and directed that

1. Defendants' objections in the nature of a demurrer to the negligent entrustment claims are overruled. Defendants shall file an answer within twenty days pursuant to Pa. R.C.P. 1028(d).

2. Defendants' objections in the nature of a demurrer for a claim against the Loyalsock Hotel and the Estate of Mary Temple are overruled. Defendants shall file an answer within twenty days pursuant to Pa. R.C.P. 1028(d).

3. Defendants' objections to count 5 are granted. Count 5 is stricken from the complaint. No answer to those averments need be filed.

4. A separate scheduling order will be entered placing this matter on the court's January 2015 trial term.