**Stephenson v. Wildasin Estate**

*Gilbert G. Malone,* for plaintiffs.

*Robert J. Brown,* for defendant.

SHADLE, J., December 5, 1969.—In this action, plaintiffs issued a summons and filed a complaint, to which defendant filed an answer containing new matter. Plaintiffs replied to the new matter and alleged additional new matter, to which defendant filed a reply. Defendant thereupon filed a motion for judgment on the pleadings, on which argument was had before the court.

The suit is for personal injuries resulting from an automobile accident which occurred on March 21, 1967. Thereafter, plaintiffs entered into negotiations with representatives of defendant's decedent on the subject of settlement. Decedent died on July 15, 1967, but plaintiff had no knowledge of this. On March 17,

1969, four days before the expiration of the statute of limitations, plaintiffs filed a complaint against decedent. March 20, 1969, the sheriff advised plaintiffs that decedent had died.

The next day, March 21, 1969, plaintiffs caused an application for letters of administration on the estate of defendant's decedent to be filed with the register of wills. The latter declined to issue letters until decedent's widow was advised of the application, and fixed April 7, 1969, as the date for issuing letters of administration to defendant herein. On the same date, March 21, 1969, plaintiffs issued a summons against the present defendant. April 10, 1969, the register of wills granted letters of administration to defendant, and on the same date the summons was served upon him. It will be observed that the last day for suit permitted by the statute of limitations was March 21, 1969.

The precise issue raised by defendant's motion for judgment is whether, under the facts here involved, the appointment of the administrator will be deemed to relate back to the date on which he filed his application for letters. If it is, suit was instituted against him on the last day allowed by the statute of limitations by the issuance of the summons against him. Otherwise, the suit is barred by the statute.

There is no question that a suit started against a person who is deceased is a nullity, and that after the statute of limitations has run, the proceedings in such a suit cannot be amended either to correct the name of decedent to that of the fiduciary, nor to substitute the fiduciary as the successor to decedent: Thompson v. Peck, 320 Pa. 27; Casner v. Fisher, 22 D. & C. 2d 1. Furthermore, we reject plaintiffs' contention that since defendant as an individual was capable of being sued prior to the expiration of the statute, the proceedings were effectively begun and that his

capacity may now be changed from an individual to that of a fiduciary. The claim cannot be asserted against the estate of decedent, unless by the doctrine of "relation back" the suit be considered begun against defendant as its fiduciary. An action against defendant as an unrelated individual is meaningless for the purpose of establishing liability of the estate.

Both parties have cited Wrinkle v. Trabert, 174 Ohio St. 233, 188 N.E. 2d 587 (1963), as the only case dealing with the precise question here involved. There, as here, suit was brought against a potential fiduciary after plaintiff had petitioned for his appointment, but the statute of limitations expired before his appointment actually became effective. The Supreme Court of Ohio there refused to relate back the appointment to the date of the petition, and held that the action was barred by the statute of limitations. While citing no authority for its decision, the court noted that the only cases in which the doctrine of "relation back" was applied were those in which the doctrine would benefit the estate. The court said:

"Customarily, there is a delay between death and the appointment of an administrator, and during this period rights ofttimes accrue which might well be lost to the estate if someone, even one without authority, could not act to protect such rights and have such acts subsequently validated by the proper appointment of an administrator. Thus, 'relation back' is necessary to protect estates and aid administrators in the fulfillment of their duties of administration. On the other hand, one who has a claim against an estate which has been relieved from administration has it within his power to preserve such claim by instigating the appointment of an administrator to whom he can present such claim."

However, and significantly, the court then added:

"If such a party *fails through lack of diligence* to procure such appointment within time to properly urge his claim or, as in the present cause, *he starts such procedure but fails to see that it is consummated,* the law should not come to his aid. . . .

"*Plaintiff had immediate knowledge* of the death of the decedent and a course of action to pursue. . . . In fact, plaintiff was aware of this but *failed* [without explanation], *through his own lack of diligence* [for three and one-half years], to perfect the appointment." (Italics supplied.)

No Pennsylvania case has been found which made the appointment of a fiduciary retroactive to the date of his petition at the instance of a claimant against the estate. Pflugh v. United States, 124 F. Supp. 607 (1954) (Dist. Ct., W. Dist. of Pa.), on the basis of Pennsylvania law, held that the doctrine of "relation back" would be applied for the benefit of the estate, but made no reference to the converse situation.

Factual differences between Wrinkle and the instant case are distinctly apparent. In the former, plaintiff had immediate notice of decedent's death and failed, without explanation, for three and one-half years to perfect appointment of an administrator. Here, plaintiffs had no knowledge nor notice of decedent's death until March 20, 1969, and in the meantime had been negotiating with his representatives in the belief that he was alive and with no intimation from them that he was not. The very next day after learning of the death, plaintiffs petitioned for the appointment of an administrator, and on the same day issued a summons against the proposed administrator in his official capacity. Except for the proper delay caused by the register of wills in notifying decedent's widow of the application of a stranger, the appointment would have been made forthwith. It actually was made on

April 10, 1969, which was 21 days after plaintiffs learned of the death, and 20 days after they applied for letters and started suit.

We have no quarrel with a general rule limiting application of the doctrine of "relation back" to situations benefiting the estate. However, such a rule cannot assume the status of an inflexible dogma where its application would produce an injustice. We believe this is such a case. Plaintiffs were misled, assumedly unintentionally, by settlement negotiations into the belief that decedent remained alive. As soon as they learned the facts, they acted with all possible diligence to preserve their claim.

We hold that on the particular circumstances here involved, defendant's appointment as administrator is deemed to relate back to the date on which plaintiffs applied for his appointment upon learning of his decedent's death, and that since suit was instituted against him on that date prior to the expiration of the statute of limitations, the action is not barred by that statute.

### ORDER

And now, December 5, 1969, defendant's motion for judgment on the pleadings is overruled and refused, and an exception is noted on his behalf.