Lovejoy et al., Appellants, *v.* Georgeff.

*John L. Jenkins,* with him *John P. McKelligott, A. Grant Sprecher, Jerome B. Nulty, Obermayer, Rebmann, Maxwell & Hippel,* and *Clemens and Nulty,* for appellants.

*William H. Pugh, IV,* with him *Bean, DeAngelis, Kaufman & Kane,* for appellee.

OPINION BY JACOBS, J., April 12, 1973:

This is an appeal from an order granting a motion for judgment on the pleadings. In granting the motion, the lower court held that the 2-year statute of limitations which applies to personal injury actions had run in favor of the estate of an alleged tort-feasor. The plaintiffs have appealed. We affirm.

Plaintiff Robert Lovejoy, a minor, was injured on November 8, 1968, when the car in which he was riding as a passenger collided with a telephone pole. Plaintiff Roy Lovejoy, his father, incurred certain medical expenses on his son's behalf as a result of the accident.

The driver of the car, whose estate is being sued through its administrator in the present action, died the day following the accident. The fact of his death was known to the plaintiffs.

No settlement having resulted from various negotiations regarding their losses, the plaintiffs, in preparation for a suit against the driver's estate, caused certain citations to be issued by the Register of Wills of Montgomery County, on November 2, 1970; these notified the parents of the driver that letters of administration on his estate had been applied for and directed them to appear before the register of wills to take action or explain their position with regard to the application. Although the citations were issued within 2 years of the accident, they permitted, by their terms, the appearances of the parents to take place as late as November 12, 1970, several days after the 2-year period had elapsed.

On the final day permitted in the citations for appearance, November 12, 1970, the mother of the driver renounced her right to letters and the father, Nicholas Georgeff, applied for letters. The letters were issued to him on November 20, 1970.

Prior to the issuance of letters, plaintiffs, on November 5, 1970, filed a summons in trespass in the present action. It will be noted that November 5, 1970, was a date within 2 years of the accident. Named in the summons were Nicholas Georgeff, styled as "administrator" of the driver's estate and summoned in that capacity, and Nicholas Georgeff as an individual, and Robert J. Georgeff as an individual.[1]

On July 7, 1971, following the filing of plaintiffs' complaint, defendant Nicholas Georgeff moved for judgment on the pleadings. The court granted the motion

---

[1] The grounds upon which individual liability was predicated against Nicholas Georgeff and Robert J. Georgeff are not relevant to this opinion.

insofar as the pleadings related to Nicholas Georgeff as administrator;[2] in so doing, it relied upon the statute of limitations. From the court's order, the plaintiffs appeal.

In disputing the correctness of the result reached below, the plaintiffs-appellants offer a number of arguments requiring discussion: first, that the issuance of the writ of summons in the present case on November 5, 1970, served to toll the statute of limitations with respect to the estate; second, in the alternative, that the statute of limitations did not begin to run in favor of the estate until the date on which letters of administration were issued, November 20, 1970; and, third, that by the lower court's action the plaintiffs have been deprived of the full duration of the statute of limitations—in derogation of their constitutional right to equal protection of the laws.

The first argument, that the issuance of the writ of summons on November 5, 1970, tolled the statute of limitations, is dependent for its validity upon a relation back of the appointment of Nicholas Georgeff to the time of the writ or before.[3] Although a number of cases

[2] The status of the action against Nicholas Georgeff individually and Robert J. Georgeff individually was not changed by the court's order.

[3] On November 5, 1970, Nicholas Georgeff had not yet received letters of administration. Absent a relation back of letters to that date, no personal representative of the decedent can be considered to have been in existence at the time of filing of the summons. *See Leber v. Kauffelt*, 5 Watts & S. 440 (1843) (authority of administrator said to be derived from official appointment). The lack of existence of such a representative, against whom suit is statutorily authorized in cases such as the one at bar (*see* §§601 and 603 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 P.S. §§320.601 and 320.603), would render an action against him ineffective. *See Thompson v. Peck*, 320 Pa. 27, 30, 181 A. 597, 598 (1935) ("[A]n action at law requires . . . a person or entity against which the action can be maintained."). Consequently, unless the appointment of Nicholas Georgeff related back to the time of filing of the

have been cited by the appellants in support of the proposition that a grant of letters will at times relate back, none is dispositive of the present case.

In three cases cited by appellants, dealing with the validity of passive acts done by an individual on behalf of an estate prior to the granting of letters, the individual in question was an executor, named in the will of the decedent; that fact was important to each decision and distinguishes it from the present case. *Shoenberger's Executors v. Lancaster Sav. Institution*, 28 Pa. 459 (1857); *Cavanaugh v. Dore*, 160 Pa. Superior Ct. 628, 54 A.2d 82 (1947); *Beckman v. Owens*, 135 Pa. Superior Ct. 404, 5 A.2d 626 (1939). Three additional cases are distinguishable on the ground that the act which was said to be validated in each, by a relation back of a granting of letters, involved a beneficial conservation or administration of the estate. *Purman's Estate*, 334 Pa. 238, 5 A.2d 906 (1939); *Holcomb v. Roberts*, 57 Pa. 493 (1868); *Bair v. Chambers*, 70 Pa. Superior Ct. 356 (1918).

The facts of *Stephenson v. Wildasin Estate*, 48 Pa. D. & C. 2d 684 (1969), are likewise inapposite to those of the present case. In *Stephenson*, an accident occurred on March 21, 1967. Negotiations for settlement were begun. Unknown to the plaintiffs, the tortfeasor died on July 15, 1967. On March 17, 1969, plaintiffs filed a complaint against the tortfeasor. On March 20, 1969, the sheriff advised plaintiffs that the tortfeasor had died. The next day, March 21, 1969, plaintiffs filed an application for letters on decedent's estate and issued a summons against defendant, to whom letters of administration were granted April 10, 1969. The last day for suit permitted by the statute of limitations was March 21, 1969. On these facts, the court held

summons, the filing would not have tolled the statute of limitations with respect to the deceased driver's estate.

that the granting of letters of administration to the defendant related back to the date on which plaintiffs had applied for appointment of an administrator.

It is immediately apparent that the equities in the *Stephenson* case were all with the plaintiffs. Although they had been in negotiation with whoever represented the tortfeasor, they were never informed of his death. Such lack of disclosure led them to start suit against a dead man 4 days before the statutory period expired. It was only because of the sheriff's diligence that they found out about the death in time to attempt to raise administration. Such equities do not exist in this case. Here appellants knew of the tortfeasor's death the day after the accident, knew what they had to do to raise administration, and slept on their rights until a few days before the 2-year statutory period was to expire.

A federal court case cited by the appellants, *Brennan v. Estate of Smith,* 301 F. Supp. 307 (M.D. Pa. 1969), is also distinguishable from the present one. It involved an application of the Federal Rules of Civil Procedure and concerned a failure to name as the correct defendant an administratrix who had been appointed on the day suit was commenced and who was aware of the action being pursued against the estate. In the case at bar, the party against whom suit was correctly directed, the estate's administrator, had not been appointed at the time of initiation of suit, nor until the statute of limitations had run.

We note that the Supreme Court of Ohio has had occasion to consider a case involving facts similar to those under discussion. In *Wrinkle v. Trabert,* 174 Ohio St. 233, 188 N.E. 2d 587 (1963),[4] the plaintiff had applied for letters of administration on an estate

---

[4] The *Wrinkle* case was noted and distinguished in *Stephenson v. Wildasin Estate,* 48 Pa. D. & C. 2d 684 (1969).

within the time period imposed by the pertinent statute of limitations; but, as in the present case, he had not succeeded in obtaining issuance of the letters within that period. The court stated: "Plaintiff had immediate knowledge of the death of the decedent and a course of action to pursue. . . . [P]laintiff had the power to secure the appointment of an administrator within the statutory period of limitation. In fact, plaintiff was aware of this but failed, through his own lack of diligence, to perfect the appointment. Plaintiff's failure should not lead to the relaxation of what we think should be the sounder rule in such instances, that is, where one has a claim against an estate, it is incumbent upon him, if no administrator has been appointed, to procure the appointment of an administrator against whom he can proceed." *Id.* at 237-8, 188 N.E.2d at 591. We agree with the Ohio court's analysis of the case.

An additional ground asserted by the appellants to support a relation back of the administrator's appointment—premised upon a theory that Nicholas Georgeff had become an executor *de son tort*—is not persuasive. First, the act relied upon by plaintiffs in the lower court in arguing that he had become such an executor— the completion of an inheritance tax appraisal form— is not of the type necessary to create the status alleged, at least for purposes of a rule which would relate back the date of his official appointment to validate past acts. To be an executor *de son tort,* one without authority must *intermeddle* with the estate of a decedent; the mere completion of an inheritance tax appraisal form is not such an intermeddling[5] as would justify a relation

---

[5] It has been said that "[i]t is necessary, . . . to constitute such intermeddling as will make one an executor de son tort, that he should take possession or some control of decedent's property, and where this element is lacking the mere performance of acts which are of such nature as an executor or administrator would lo cannot make one chargeable as executor de son tort." 34 C.J.S.

back of the actor's appointment. Second, any dating back of letters in the case of an executor *de son tort* is only for the purpose of validating the acts of the executor and not for other purposes.

The appellants' second main argument, that the statute of limitations did not begin to run in the present case until the appointment of the administrator, is supported in their brief by the case of *Estate of Michener*, 45 Wash. Co. 54 (1964). However, *Michener* is distinguishable from the present case on several grounds: it involved a claim arising from personal services, rather than tort; it dealt with an estate in which assets were discovered after it had originally been assumed that none existed; and it involved an estate in which the settlement was tardy. Furthermore, the court's decision was partially premised upon a number of Pennsylvania Supreme Court cases which are not apposite to the present one; they do not concern claims which arose prior to the decedent's death. Because such a claim is present in the case at bar, a proscription of the Pennsylvania legislature, dealing with limitations of actions, is applicable: "The death of a person shall not stop the running of the statute of limitations applicable to any claim against him. . . ." Section 613 of the Fiduciaries Act of 1949, *as amended,* Act of February 23, 1956, P. L. (1955) 1084, §4, 20 P.S. §320.613 (Supp. 1972-73).

The appellants' third argument, that the action of the lower court in granting a motion for judgment on the pleadings had the effect of shortening the statute of limitations and thereby depriving them of equal protection of the laws, was not raised in the court below. It has been held in Pennsylvania that a constitutional question will not be considered for the first time

---

*Executors and Administrators* §1064, at 1361 (1942) (footnotes omitted).

on appeal. *Abrams Will,* 419 Pa. 92, 213 A.2d 638 (1965).

Even should that rule be waived in the appellants' favor, we are convinced that they would not prevail in the present case. In *Canadian Northern Railway Co. v. Eggen,* 252 U.S. 553 (1920), a case upholding the constitutionality of a state statute of limitations which in certain circumstances created an inequality between residents and nonresidents, the Supreme Court said: "A man cannot be said to be denied, in a constitutional or in any rational sense, the privilege of resorting to courts to enforce his rights when he is given free access to them for a length of time reasonably sufficient to enable an ordinarily diligent man to institute proceedings for their protection." *Id.* at 562.

Here, appellants had access to the courts of Pennsylvania for the full period of 2 years. They had the power to compel the issuance of letters by having the register of wills issue a citation. The time period within which this opportunity was theirs was a reasonable one; and ordinary diligence would have insured that they made successful use of it.[6] The small burden placed upon those in appellants' class, who desire to sue a decedent's estate, by the requirement that they secure the appointment of an administrator prior to suit is a rational one, intended to effect the orderly administration of justice in a cause of action which

---

[6] The appellants did not display ordinary diligence in timing their petition for citations in such a way that the appearances directed by the citations could not have been, by law, compelled within 2 years of the accident on which liability was to be based. *See* § 704 of the Orphans' Court Act of August 10, 1951, *as amended,* Act of July 22, 1965, P. L. 235, §1, 20 P.S. §2080-704 (Supp. 1972-73) ("The citation shall direct the party named therein to file a complete answer under oath to the averments of the petition on or before a day certain, which shall be not less than ten days after the service thereof. . . .").

would not have survived at common law. We are not prepared to hold that the requirement is unconstitutional.

Order affirmed.