## Whitby v. Cottrell

*Charles Marshall*, for plaintiffs.
*Gus Kwidis*, for defendants.
*Theodore E. Breault*, for additional defendant.

KLEIN, J., July 9, 1973.—We have before us a petition for rule to show cause why an estate should not be raised presented in the instant action in trespass before the civil division of the court.

The file consists of:

1. A complaint filed January 29, 1973;

2. A praecipe for writ to join additional defendant filed March 9, 1973;

3. Said petition for rule to show cause filed March 26, 1973;

4. A praecipe for appearance on behalf of Mary Freehafer, "Administratrix of the Estate of Fred Freehafer" filed April 17, 1973.

5. An answer to said petition filed April 27, 1973.

The matter was set down for argument on the petition and answer and argument held on June 25, 1973.

Of course, an "estate" cannot be brought upon the record when no personal representative has been appointed. Sometimes an appearance cures "procedural defects." However, we have no jurisdiction in these premises. See Erie Indemnity Co. v. Greene, 14 D. & C. 2d 301, 310 (1957), and 20 PS §3155(b)(5) and §3160 of Probate, Estates and Fiduciaries Code of December 6, 1972, No. 321. See also Lovejoy v. Georgeff, 224 Pa. Superior Ct. 206. The register of wills is the judicial officer with jurisdiction to grant letters to a personal representative, 20 PS §901.

In passing, we are constrained to point out that the Fiduciaries Act of 1949 was repealed, effective July 1, 1972, 20 Pa. S. §3.

For these reasons, we make the following

## ORDER

And now, July 9, 1973, it is ordered, adjudged and decreed that the rule to show cause why an estate should not be raised be, and it is hereby, discharged; that the praecipe for writ to join additional defendant be, and it is hereby, dismissed and stricken from the record; and that the appearance of counsel for the "administratrix" be amended to an appearance on behalf of Mary Freehafer, individually.