## Willis v. Zimmerman

*John J. McAuliffe, Jr.*, for plaintiff.
*Eugene H. Evans*, for defendant.

SAND, J., October 10, 1973.—This matter arises out of defendant's motion for judgment on the pleadings and plaintiff's petition and rule to show cause to why the caption of plaintiff's complaint should not be amended.

A review of the case's history reveals that plaintiff's personal injury claims arise out of an automobile accident which occurred March 13, 1969. Defendant died November 25, 1969. Plaintiff instituted suit by complaint in trespass against defendant individually on February 5, 1971. By sheriff's return dated February 24, 1971, plaintiff's counsel was advised that defendant was deceased. Local counsel for plaintiff then contacted defendant's widow and her personal attorney to see if she would take out letters of administration. No definite answer was forthcoming until after March 13, 1971, when the statute of limitations had run its course. The answer was "no". Plaintiff filed a petition for the appointment of an administrator for defendant's estate June 21, 1971. A hearing was held July 6, 1971, and finally an administrator was appointed, by agreement, in January 1972.

Subsequently, plaintiff's complaint was served on the administrator and an answer containing new matter was filed raising the issues of the statute of limitations, defendant's death prior to institution of suit and lack of any action against the estate. Plaintiff filed a reply to new matter and a petition and rule to show cause why plaintiff's complaint should not be amended to name the administrator

as defendant. Following defendant's motion for judgment on the pleadings, a factual hearing was held on all questions. These have now been argued before the court en banc and are the subject of this opinion.

We are guided in this matter by the cases of Lovejoy v. Georgeff, 224 Pa. Superior Ct. 206 (1973), and Stephenson v. Wildasin Estate, 48 Pa. D. & C. 2nd 684 (1969).

In Lovejoy, plaintiff was injured on November 8, 1968, when the car in which he was a passenger struck a telephone pole. The driver of the car died the next day. This fact was known to plaintiff. After fruitless settlement negotiations, plaintiff caused citations to be issued regarding the raising of an administration for the driver's estate on November 2, 1970.

Though the citations were issued before the running of the two-year statute of limitations, they permitted, by their terms, the driver's parents' appearance to take place as late as November 12, 1970, after the statute had run. The driver's father applied for letters on November 12, 1970. They were issued November 20, 1970. However, prior to the issuance of the letters, and prior to the running of the statute of limitations on November 5, 1970, plaintiff filed a summons in trespass naming as defendant the driver's father as "administrator" of the driver's estate, and the father and the driver individually.

The Superior Court affirmed the lower court's granting judgment on the pleadings in favor of defendants. Suit instituted against the deceased driver after his death is a nullity. Suit instituted against the administrator of his estate before the administrator has been appointed is a nullity unless the court will permit the appointment to relate back to the time of suit institution. Such relation

back, however, will be permitted only where the equities favor such action.

The court held that the equities were not present where plaintiff knew of the death for nearly two years before taking action and permitted, by the terms of the citations issued, the administrator to be appointed after the statute of limitations had elapsed.

Contrast this to Stephenson v. Wildasin Estate, supra, where an accident occurred March 21, 1967, and negotiations for settlement were begun. Though the tortfeasor died July 15, 1967, plaintiffs were not so advised until March 20, 1969 (a day before the statute of limitations elapsed). Plaintiffs' complaint had been filed March 17, 1969, against the tortfeasor. The sheriff notified plaintiffs of the tortfeasor's death. The day after notification, on the last day before expiration of the statute, plaintiffs filed an application for letters of administration on the tortfeasor's estate and issued summons against defendant, to whom letters were granted April 10, 1969.

Under these facts, the court permitted the appointment to relate back to the institution of suit. Though negotiations had taken place with representatives of the tortfeasor, no notice of death was given, leading to the institution of suit against a dead man four days before the statute expired. Upon discovery of the death, plaintiffs took immediate steps to raise an adminsitration and sue the proper party.

A comparison of the two cases answers the issues before us. Factually, the case at bar falls between Lovejoy and Stephenson.

A review of the hearing held in this matter does not reveal what, if any, negotiation took place before February 24, 1971. It is certain, however, that plaintiff was advised of defendant's death early enough to have had an administrator

appointed before the statute elapsed, or at least have done so soon after. The record, though, reveals a lack of diligence (albeit seemingly due to an overabundance of gentlemanly politeness) on plaintiff's part, such that the statute had expired more than ten months before the administrator was appointed. Furthermore, suit was never instituted against the administrator.

Though plaintiff argues that his attempt to amend his complaint to change the defendant's name to the administrator's should be treated as any other such amendment under the rules of civil procedure, we must view the attempt as a plea to have the administrator's appointment relate back to the institution of suit. We interpret the cases as holding that plaintiff has the burden of proving that the equities favor such relation back. We find that plaintiff has not met such burden of proof.

There is no merit to plaintiff's further arguments, to wit, that the late appointment of an administrator by agreement and his acceptance of service of the complaint somehow cures the defect, and that an offer to settle made by defendant's insurance carrier after the statute expired acts as an estoppel to the raising of the statute as a bar to the suit.

Accordingly, we enter the following:

## ORDER

And now, October 10, 1973, it is ordered and decreed that:

(1) plaintiff's petition to amend his complaint be and the same is hereby dismissed;

(2) defendant's motion for judgment on the pleading be and the same is hereby granted.