J-S65042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| AMBER VINCIGUERRA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GEORGE TUNSTALL, | |
| Appellee | No. 403 WDA 2016 |

Appeal from the Order February 17, 2016
in the Court of Common Pleas of Allegheny County
Civil Division at No.: GD-12-019371

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    FILED: September 23, 2016

Appellant, Amber Vinciguerra, appeals from the order of February 17, 2016, which dismissed her tort action against Appellee, George Tunstall.  On appeal, Appellant argues that the trial court erred in concluding that her lawsuit was a legal nullity because Appellee died prior to its filing, and that the statute of limitations barred her claims.  For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from the trial court's February 17, 2016 opinion and our independent review of the certified record.  On October 15, 2010, a vehicle driven by Appellee struck Appellant's automobile.  (**See** Trial Court Opinion, 2/17/16, at 1).

_____

[*] Retired Senior Judge assigned to the Superior Court.

Nationwide Mutual Insurance Company (Nationwide) insured Appellee's car under an automobile insurance policy. (**See id.**). In November 2010, Appellant, through counsel, and Nationwide entered into communication regarding the incident. (**See** *Praecipe* for Writ of Summons, 10/12/12; **see also** Appellee's Brief in Support of Motion to Dismiss, 8/26/15, at unnumbered page 1). On February 6, 2012, Appellee died. (**See** Trial Ct. Op., at 1).

Appellant instituted the instant action, by way of a writ of summons on October 12, 2012, three days prior to the expiration of the statute of limitations. (**See** Appellee's Brief in Support of Motion to Dismiss, 8/26/15, at unnumbered page 2). On October 16, 2012, the Allegheny County Sheriff's Office notified Appellant that it was unable to effect service because Appellee was deceased. (**See** Appellant's Response in Opposition to [Appellee's] Motion to Dismiss, 7/02/15, at 3). Appellant has been unable to effect service and has never filed a complaint.

On January 18, 2013, Appellant filed a petition for citation to direct that the heir(s) of George H. Tunstall open an estate, that a personal representative be appointed and that letters of administration be issued by the register of wills. (**See id.** at 3-4). Subsequently, the Orphans' Court issued a citation directing Appellee's wife to show cause as to why she should not be appointed administratrix of Appellee's estate. (**See id.** at Exhibit B). It appears that no further action has occurred with respect to

that petition.  (*See* Trial Ct. Op., at 2).  On February 26, 2013, Appellant notified Nationwide that Appellee had died.  (*See* Appellee's Brief in Support of Motion to Dismiss, 8/26/15, at unnumbered page 2).

On May 29, 2015, Appellee's counsel, filed a "motion to dismiss."  The trial court denied the motion on procedural grounds that same day.  On June 2, 2015, Appellee filed a suggestion of death.  On June 16, 2015, Appellee filed a second "motion to dismiss," arguing that the action was a legal nullity because Appellee had died before Appellant filed it and that the statute of limitations had expired.  (*See* Motion to Dismiss, 6/16/15, at unnumbered page 2).  On June 16, 2015, the trial court issued an order stating, in part, "the petition/motion shall be decided under Pa.R.C.P. 206.7[1]".  (Order of

_____

[1] Pennsylvania Rule of Civil Procedure 206.7, procedures after issuance of a rule to show cause, provides:

> (a) If an answer is not filed, all averments of fact in the petition may be deemed admitted for the purposes of this subdivision and the court shall enter an appropriate order.

> (b) If an answer is filed raising no disputed issues of material fact, the court on request of the petitioner shall decide the petition on the petition and answer.

> (c) If an answer is filed raising disputed issues of material fact, the petitioner may take depositions on those issues, or such other discovery as the court allows, within the time set forth in the order of the court.  If the petitioner does not do so, the petition shall be decided on petition and answer and all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of this subdivision.

*(Footnote Continued Next Page)*

Court, 6/16/15, at unnumbered page 1). On July 2, 2015, Appellant filed a response arguing that Appellee was equitably estopped from raising a statute of limitations defense; that by attempting to secure the appointment of a personal representative Appellant acted in good faith; and, therefore, the action should not be dismissed. (*See* Appellant's Response in Opposition to [Appellee's] Motion to Dismiss, 7/02/15, at 5-11).

On February 17, 2016, the trial court granted the "motion to dismiss." The instant, timely appeal followed. On March 23, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on April 12, 2016. *See id.* On May 4, 2016, the trial court issued an order adopting its February 17, 2016 opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

1. Did the trial court abuse its discretion and/or commit legal error by dismissing Appellant's case by way of Pa.R.C.P. 206.7?

2. Did the trial court err by failing to correctly consider and/or apply the [d]octrine of [e]quitable [e]stoppel as it pertains to the tolling of the statute of limitations and decedent's insurer's duty to notify Appellant of decedent's death?

---

*(Footnote Continued)*

(d) The respondent may take depositions, or such other discovery as the court allows.

Pa.R.C.P. 206.7.

3. Did the trial court err when it failed to consider Appellant's equity argument that the [p]etition for [c]itation tolled the statute of limitations and/or that the relation back doctrine should apply?

(Appellant's Brief, at 5).

Appellant appeals from the trial court's grant of Appellee's "motion to dismiss." Initially, we note that, in its motion, Appellee did not identify the rule of civil procedure that permits a "motion to dismiss." (**See** Motion to Dismiss, 6/16/15, at unnumbered pages 1-2). Further, in its decision, the trial court did not specify a scope and standard of review. (**See** Trial Ct. Op., at 1-2). In a recent decision, when faced with the grant of a similarly non-specific "motion to dismiss," which, like the motion in the instant matter, argued a statute of limitations defense, this Court treated the "motion to dismiss" as preliminary objections and reviewed the decision under that standard. ***See Rellick-Smith v. Rellick***, — A.3d —, 2016 WL 4435625, at *3 (Pa. Super. filed Aug. 22, 2016). We will do likewise.

Our scope and standard of review are well-settled.

In determining whether the [trial c]ourt properly granted the [Appellee's] preliminary objections (*i.e.*, the [m]otion to [d]ismiss), we review the ruling for an error of law or abuse of discretion. On appeal from an order sustaining preliminary objections, we accept as true all well-pleaded material facts set forth in the appellant's [documentation] and all reasonable inferences which may be drawn from those facts. Preliminary objections seeking dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief; if any doubt exists, it should be resolved in favor of overruling the objections.

*Id.* (citations and quotation marks omitted).

In her first issue, Appellant claims that because Pennsylvania law does not recognize a "motion to dismiss" in the context of civil litigation, the trial court erred in not treating it as either a motion for summary judgment or a motion for judgment on the pleadings. (Appellant's Brief, at 16-17). Appellant further asserts that it was improper to dismiss the action now because she has not filed a complaint or been able to conduct proper discovery. (*See id.* at 17). However, Appellant has waived this claim.

Appellant did not raise this issue either in her response to Appellee's motion to dismiss or in her reply brief to the motion to dismiss. (*See* Appellant's Response in Opposition to [Appellee's] Motion to Dismiss, 7/02/15, at 5-11; [Appellant's] Reply Brief in Opposition to [Appellee's] Brief in Support to Motion to Dismiss, 9/17/15, at 2-8). We have consistently held that issues raised for the first time on appeal are waived. *See Yenchi v. Ameriprise Fin., Inc.*, 123 A.3d 1071, 1081 (Pa. Super 2015), *appeal granted*, 134 A.3d 51 (Pa. 2016); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Further, this claim is not included in Appellant's Rule 1925(b) statement. (*See* Appellant's Concise Statement of [Errors] Complained of on Appeal Pursuant to Rule 1925(b), 4/12/16, at unnumbered pages 1-2). As amended in 2007, Pennsylvania Rule of Appellate Procedure 1925

provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *see also Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in **Commonwealth v. Burton***, 973 A.2d 428, 431 (Pa. Super. 2009). Thus, for these reasons, Appellant has waived her first issue.

In her second issue, Appellant argues that the trial court erred by not applying the doctrine of equitable estoppel, which would have tolled the statute of limitations. (*See* Appellant's Brief, at 18-27). We disagree.

It is black-letter law that

> [a] dead man cannot be a party to an action, and any such attempted proceeding is completely void and of no effect. Moreover, because a dead person cannot be a party to an action commenced after his death, substitution of a personal representative of the dead person's estate is improper. If a plaintiff commences an action against a person who has previously deceased, the only recourse is to file a new action naming the decedent's personal representative as the defendant.

*Montanya v. McGonegal*, 757 A.2d 947, 950 (Pa. Super. 2000) (citations omitted).

Here, there is no dispute that Appellant filed the instant action on October 12, 2012, over eight months after the death of Appellee. Further, Appellant did not name Appellee's personal representative[2] as a defendant.

---

[2] We note that the record is devoid of evidence that the Orphans' Court ever appointed a personal representative.

Since Appellant cannot substitute Appellee's personal representative, even if such person existed, her only option would be to file a new action. ***See id.*** However, the two-year statute of limitations has expired. ***See*** 42 Pa.C.S.A. § 5524. Moreover, Appellant did not file any action against the estate within one year of Appellee's death.[3]

Despite this, Appellant argues that Nationwide either intentionally or unintentionally concealed the information of Appellee's death from her and that, therefore, we should equitably toll the statute of limitations. (***See*** Appellant's Brief, at 20-21). We disagree.

Fraudulent concealment of the identity of the proper defendant can toll the running of the statute of limitations. ***See Krapf v. St. Luke's Hospital***, 4 A.3d 642, 649-50 (Pa. Super. 2010), *appeal denied*, 34 A.3d 831 (Pa. 2011) (citation omitted); ***see also Montanya***, ***supra*** at 950-51.

> The doctrine is based on a theory of estoppel, and provides that the defendant may not invoke the statute of limitations, if through fraud or concealment, he causes the plaintiff to relax his

_____

[3] Pennsylvania law provides that:

> [t]he death of a person shall not stop the running of the statute of limitations applicable to any claim against him, but a claim which otherwise would be barred within one year after the death of the decedent shall not be barred until the expiration of one year after his death. Nothing in this section shall be construed to shorten the period which would have been allowed by any applicable statute of limitations if the decedent had continued to live.

20 Pa.C.S.A. § 3383.

vigilance or deviate from his right of inquiry into the facts. The doctrine does not require fraud in the strictest sense encompassing an intent to deceive, but rather, fraud in the broadest sense, which includes an unintentional deception. The plaintiff has the burden of proving fraudulent concealment by clear, precise, and convincing evidence.

*Krapf*, *supra* at 650 (citations omitted). Further,

[t]he defendant must have committed some affirmative independent act of concealment upon which the plaintiffs justifiably relied. Mere mistake or misunderstanding is insufficient. Also mere silence in the absence of a duty to speak cannot suffice to prove fraudulent concealment.

*Lange v. Burd*, 800 A.2d 336, 339 (Pa. Super. 2002), *appeal denied*, 818 A.2d 504 (Pa. 2003) (citations omitted).

Here, Appellant has not pointed to a single "affirmative independent act of concealment" by Nationwide. While Appellant complains that Nationwide negotiated with her for eight months without informing her of Appellee's death, (*see* Appellant's Brief, at 22), she points to nothing in the record which demonstrates that Nationwide had any knowledge of Appellee's death. Further, while Appellant claims she "was justified in relying on Nationwide's misrepresentations[,]" she fails to specify their exact nature. (*Id.* at 23).

In *Montanya*, *supra*, the appellants claimed that the appellee's widow and his insurance company actively concealed the fact of his death until after the running of the statute of limitations. *See Montanya*, *supra* at 951. In support of this contention, the appellants contended that the widow accepted service of the complaint without informing the sheriff that appellee

was deceased and pre-suit correspondence with the insurance carrier indicated that the appellee was alive, although they admitted the insurance carrier never expressly said so. *See id.* We disagreed, finding that the widow's silence did not constitute an affirmative act, that there was no evidence that the insurance carrier was aware of the appellee's death, and that it was the appellant's obligation to ascertain whether the Appellee was deceased. *See id.* We concluded:

> . . . this Court has held that some affirmative independent act of concealment upon which the [appellants] justifiably relied must have been committed. Here, the insurance carrier's mere silence or nondisclosure is insufficient. Simply put, it was the [appellants'] duty to ascertain the status of [the appellee] if they wanted to proceed properly, the insurance carrier was under no duty to inform the [appellants] of the status of their insured.

*Id.* at 952 (footnote omitted).

Similarly, in *Lange*, *supra*, the appellants argued that the insurance carrier fraudulently concealed that the appellee had died prior to the filing of suit by sending them letters that referred to the appellee as "Our Insured" and by stating that it had a contractual obligation to him. *Lange*, *supra* at 339. We disagreed, holding that the mere sending of two letters "does not constitute the type of concealment to toll the statute of limitations." *Id.* at 340. We again stated that an insurance company does not have a duty to inform the appellants of the status of the insured. *See id.*

The instant case presents an even stronger argument for not tolling the statute of limitations than in *Montanya* and *Lange*, since here the

Sheriff notified Appellant that Appellee had died. (**See** Appellant's Response in Opposition to [Appellee's] Motion to Dismiss, 7/02/15, at 3). Appellant has not pointed to any affirmative action undertaken by Nationwide to conceal Appellee's death, and, in fact, has not pointed to any evidence that would demonstrate that Nationwide even was aware of it. (**See** Appellant's Brief, at 18-27). It was Appellant's obligation to ascertain Appellee's status prior to filing suit. **See Lange**, **supra** at 340; **Montanya**, **supra** at 952. Appellant failed to do so. Thus, we find that the trial court correctly concluded that the doctrine of fraudulent concealment was inapplicable in the instant matter. **See Lange**, **supra** at 340; **Montanya**, **supra** at 952. Appellant's second issue lacks merit.

In her third issue, Appellant maintains that the trial court erred in holding that the filing of a petition for citation in the Orphans' Court did not toll the statute of limitations. (**See** Appellant's Brief, at 27-31). Appellant contends that we should apply the doctrine of "relation back" to her case. (**Id.** at 28). We disagree.

In arguing that the relation back doctrine should apply, Appellant relies on the Court of Common Pleas of York County's 1969 decision in **Stephenson v. Wildasin Estate**, 48 Pa. D. & C.2d 684 (York County C.P. 1969). (**See** Appellant's Brief, at 29-31). Initially we note that, "court of common pleas decisions provide, at most, persuasive but not binding authority." **Sears, Roebuck & Co. v. 69th St. Retail Mall, L.P.**, 126 A.3d

- 11 -

959, 972 (Pa. Super. 2015). Moreover, we find that **Stephenson** is inapposite.

In **Stephenson**, the plaintiff and the defendant were involved in an automobile accident and, thereafter entered into negotiations. **See Stephenson**, **supra** at 684. The plaintiff was unaware that the defendant died approximately eight months prior to the filing of the complaint; which the plaintiff filed four days prior to the expiration of the statute of limitations. **See id.** at 684-85. The sheriff was unable to effect service and informed the plaintiff of the defendant's death. **See id.** at 685. The next day, the plaintiff instituted an action with the register of wills. **See id.** Approximately twenty days later the register of wills granted letters of administration; the plaintiff served a summons on the administrator that same day. **See id.** The defendant filed a motion for judgment on the pleadings on statute of limitations grounds and the plaintiff argued that the appointment of the administrator should be related back to the date on which the plaintiff filed the applications for letters, which was within the limitations period. **See id.** Relying on an Ohio case, **Wrinkle v. Trabert**, 188 N.E.2d 587 (Ohio 1963), the trial court held that, under the facts of the case before it, the administrator's appointment should relate back to the date the plaintiff applied for its appointment. **See Stephenson**, **supra** at 686-88. However, in so doing, the court noted the importance of diligent

action on the part of the plaintiff both in applying for such an appointment and in seeing the appointment consummated. *See id.* at 687.

Initially, Appellant has pointed to little support for his contention that **Stephenson** reflects the law of this Commonwealth. However, even assuming, *arguendo*, that it does, it is factually distinct. Here, unlike in **Stephenson**, there is no evidence that Nationwide concealed the fact of Appellee's death from Appellant. Rather, it appears that Appellant became aware of Appellee's death months before Nationwide. (**See** Appellant's Response in Opposition to [Appellee's] Motion to Dismiss, 7/02/15, at 3; Appellee's Brief in Support of Motion to Dismiss, 8/26/15, at unnumbered page 2). Further, unlike in **Stephenson**, Appellant herein waited approximately three months before filing an action with the register of wills. (**See** Appellant's Response in Opposition to [Appellee's] Motion to Dismiss, 7/02/15, at 3-4). Appellant has provided no explanation for this delay. Moreover, the appointment of the personal representative is still pending, and Appellant provides no reason for her lack of diligence in pursuing the action. (**See** Trial Ct. Op., at 2). As the trial court stated in **Stephenson**,

> [i]f such a party fails through lack of diligence to procure such appointment within time to properly urge his claim or, as in the present cause, he starts such procedure but fails to see that it is consummated, the law should not come to his aid. . . . In fact, plaintiff was aware of [the defendant's death] but failed [without explanation], through his own lack of diligence [for three and one-half years], to perfect the appointment.

***Stephenson***, ***supra*** at 687 (quoting ***Wrinkle***, ***supra*** at 590-91) (emphasis omitted). Here, Appellant failed to act with due diligence in pursuing this matter, therefore she is not entitled to the benefit of the relation back doctrine. ***See id.*** at 687; ***see also Lovejoy v. Georgeff***, 303 A.2d 501, 503-04 (Pa. Super. 1973) (declining to apply ***Stephenson*** and relation back doctrine where plaintiff did not act with due diligence in pursuing action). Appellant's third issue lacks merit.

Accordingly, for the reasons discussed above, we affirm the dismissal of the action.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/23/2016