J. A15006/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARTHA GALARZA-PADRON AND ABEL PADRON (H/W), | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| MARY KIRKALDIE, EXECUTRIX OF THE ESTATE OF LOUIS KIRKALDIE AND MARY KIRKALDIE | : | No. 1658 EDA 2015 |

Appeal from the Judgment Entered May 12, 2015,
in the Court of Common Pleas of Chester County
Civil Division at No. 2013-11961

| | | |
|---|---|---|
| MARTHA GALARZA-PADRON AND ABEL PADRON (H/W), | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| MARY KIRKALDIE, EXECUTRIX OF THE ESTATE OF LOUIS KIRKALDIE AND MARY KIRKALDIE | : | No. 3323 EDA 2015 |

Appeal from the Order, October 7, 2015,
in the Court of Common Pleas of Chester County
Civil Division at No. 2013-11961

BEFORE:  FORD ELLIOTT, P.J.E., DUBOW AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED SEPTEMBER 23, 2016**

Martha Galarza-Padron and Abel Padron, husband and wife, appeal from the judgment entered May 12, 2015, and the order entered October 7, 2015. The appeal at No. 1658 EDA 2015 has been taken from the May 12, 2015 order granting summary judgment and dismissing with prejudice all claims against Louis Kirkaldie, the Estate of Louis Kirkaldie, and Mary Kirkaldie, in her capacity as personal representative of the Estate. The appeal at No. 3323 EDA 2015 has been taken from the October 7, 2015 order sustaining the preliminary objections of Mary Kirkaldie and dismissing with prejudice all claims against her in her individual capacity. These appeals were consolidated **sua sponte**. After careful review, we affirm.

The procedural history of this matter was set forth by the trial court in its October 7, 2015 order sustaining Mary Kirkaldie's preliminary objections in the nature of a demurrer:

> This action arises out of a motor vehicle accident that occurred on December 23, 2011 involving Louis Kirkaldie and plaintiff Martha Galarza-Padron. Defendant Mary Kirkaldie, in her individual capacity, has filed preliminary objections in the nature of a demurrer to all claims against her. This case has a lengthy procedural history.

> 1. **Procedural History**

> As noted above, the accident at the center of this case occurred on December 23, 2011. Louis Kirkaldie died on September 19, 2012, due to reasons unrelated to the accident. (**See** Defs.' Prel. Obj. at ¶2.). Plaintiffs commenced this action on December 13, 2013, by filing a Writ of Summons. The Writ named as defendants Louis and Mary Kirkaldie, as husband and wife. On

December 23, 2013, the day the statute of limitations was to run, plaintiffs filed a "Summons in Civil Action for Additional Defendant," which was issued to the Estate of Louis Kirkaldie (the "Estate"). The Writs were then re-issued approximately every thirty days between January, 2014 and October, 2014.

Plaintiffs finally filed a complaint on October 29, 2014. The complaint then named as defendants Mary Kirkaldie as Executrix of the Estate of Louis Kirkaldie and Mary Kirkaldie, individually. At the same time, plaintiffs filed a "Praecipe to Amend Caption of Complaint in Civil Action" requesting the Prothonotary amend the defendants' side of the caption to change it from Louis Kirkaldie and Mary Kirkadlie [sic] (h/w) and Estate of Louis Kirkaldie to Mary Kirkaldie, as Executrix of the Estate of Louis Kirkaldie and Mary Kirkaldie, Individually. Moving Defendants acknowledge that the praecipe was filed with the consent of the parties. Thereafter, Defendants Louis Kirkaldie and Mary Kirkaldie, as Executrix of the Estate of Louis Kirkaldie, filed an Answer and New Matter and asserted as a defense the statute of limitations. Defendants Louis Kirkaldie and Mary Kirkaldie, as Executrix of the Estate of Louis Kirkaldie, eventually filed a motion for summary judgment based upon the statute of limitations, and the court granted the motion on May 12, 2015. On June 11, 2015, plaintiffs appealed the court's summary judgment order.

On June 25, 2015, Ms. Kirkaldie's present counsel entered his appearance in this matter. On July 2, 2015, Ms. Kirkaldie filed preliminary objections to plaintiffs' complaint. According to Ms. Kirkaldie, although plaintiffs claim in various portions of their complaint that Ms. Kirkaldie was negligent, the only specific, factual allegations against her are that she was the wife of the [sic] Mr. Kirkaldie and was the holder of an excess insurance policy that potentially covers the accident. Ms. Kirkaldie requested oral argument on her

> preliminary objections, the court then scheduled [oral argument].
>
> Plaintiffs failed to file a response of any kind to Ms. Kirkaldie's preliminary objections. Plaintiff[s] did attend the oral argument.

Order, 10/7/15 at 1-2 n.1; Docket #39.

On October 30, 2015, appellants filed a timely notice of appeal from the October 7, 2015 order. Appellants have complied with Pa.R.A.P. 1925(b), and the trial court has filed Rule 1925(a) opinions addressing both the May 12, 2015, and October 7, 2015 orders.

Appellants have raised the following issues for this court's review:

1. Did the trial court abuse its discretion or err as a matter of law by granting summary judgment when the record established that:

   • Plaintiffs had filed suit against the administrator of the estate of the driver of the vehicle that collided with plaintiff's vehicle;

   • The lawsuit was filed within the applicable statute of limitations;

   • The estate of the deceased driver was opened within the applicable statute of limitations;

   • Plaintiffs filed a Praecipe to Join the estate of the deceased driver as a party within the applicable statute of limitations; and,

   • The Complaint alleged claims against the estate?

2. Alternatively, does a Summons, which names an Estate and the Executrix of the Estate as Defendants, but does not identify the Executrix in that capacity until the Complaint is filed, set forth a valid cause of action under 20 Pa.C.S. §3373, which requires that an action be brought against a personal representative but does not require that the action specify that the personal representative is being named as a defendant in that capacity?

Appellants' brief at 4.

In a supplemental brief, appellants raise the following additional issue:

1. Does a trial court have jurisdiction over Preliminary Objections while the case is on appeal to the Superior Court from an Order granting Summary Judgment in the same proceeding?

Appellants' supplemental brief at 4.

We will briefly address appellants' last issue first. In its opinion filed June 29, 2015, the trial court opined that the May 12, 2015 summary judgment order was interlocutory. The May 12, 2015 order dismissed any and all claims against Louis Kirkaldie, the Estate of Louis Kirkaldie, and Mary Kirkaldie, in her capacity as personal representative of the Estate of Louis Kirkaldie; however, the May 12, 2015 order did not dismiss appellants' claims against Mary Kirkaldie, individually. Therefore, according to the trial court, the May 12, 2015 order did not end the litigation as to all claims/parties and was not a final order. (Trial court opinion, 6/29/15 at 1-2.) It is well established that an order granting judgment against one defendant but leaving pending the complaint against other defendants is not

a final order. Pa.R.A.P. 341. ***See Estate of Considine v. Wachovia Bank***, 966 A.2d 1148, 1153 (Pa.Super. 2009) (order granting summary judgment to one of multiple defendants not subject to interlocutory appeal as of right). Since, according to the trial court, the May 12, 2015 order was not a final order appealable as of right, then it retained jurisdiction to rule on Mary Kirkaldie's preliminary objections filed July 7, 2015. Pa.R.A.P. 1701(b)(6); ***see Deeter v. Dull Corp., Inc.***, 617 A.2d 336, 338 n.3 (Pa.Super. 1992), ***appeal denied***, 629 A.2d 1380 (Pa. 1993) (plaintiffs' notice of appeal from nonappealable interlocutory order did not prevent trial court from accepting untimely amended complaint and dismissing it for failure to state cause of action). Appellants counter that the May 12, 2015 order was a final order because the remaining claim against Mary Kirkaldie, individually, was "illusory." (Appellants' supplemental brief at 9.) Appellants state that Louis Kirkaldie was driving the vehicle in the underlying accident and that they did not assert any negligence claims directly against Mary Kirkaldie. (Appellants' brief at 7.) The only allegations in the complaint against Mary Kirkaldie were in her capacity as executrix of the Estate and for potential excess insurance coverage. (***Id.***) Appellants cite ***Breslin v. Ridarelli***, 454 A.2d 80 (Pa.Super. 1982), for the proposition that "the happenstance of a spousal relationship does not ***per se*** impose liability upon a spouse for the other spouse's negligence." (Appellants' supplemental brief at 9.) ***See Breslin***, 454 A.2d at 83 ("Negligence will not

- 6 -

be imputed to the husband of a motorist where the uncontradicted evidence is that the motorist was on a mission of her own and that her husband had not ordered or requested her to do any thing for him." (citation omitted)).

Here, appellants alleged in their complaint that Louis Kirkaldie ran a stop sign and struck plaintiff-wife, Martha Galarza-Padron, pushing her vehicle across the road and into a utility pole. Appellants alleged, *inter alia*, that Louis Kirkaldie was inattentive and traveling too fast for the conditions. There were no allegations of a master/servant or principal/agent relationship, or that Louis Kirkaldie was acting at his wife's direction. *See Breslin*, 454 A.2d at 83 ("Although such relations, legally speaking, may exist between a husband and wife, it is only in rare instances that they do."). As such, appellants argue that the May 12, 2015 order granting summary judgment disposed of all viable claims against Mary Kirkaldie and was in reality a final and appealable order, which divested the trial court of jurisdiction. (Appellants' supplemental brief at 10.)

Even assuming, as the trial court determined, that the May 12, 2015 summary judgment order was not a final order because Mary Kirkaldie, individually, remained in the case, there is no jurisdictional impediment to our review because the October 7, 2015 order sustaining Mary Kirkaldie's preliminary objections in the nature of a demurrer ended the case and put the litigants out of court. Therefore, the October 7, 2015 order rendered the May 12, 2015 partial summary judgment order final for appeal purposes.

*See K.H. v. J.R.*, 826 A.2d 863, 869 (Pa. 2003) ("Thus, in an action involving multiple defendants, and in the absence of an express determination by the trial court under Rule 341(c), an order granting summary judgment as to one party is treated as appealable as of right only after the disposition of the claims involving the remaining parties. *See generally Gutteridge v. A.P. Green Servs., Inc.*, 804 A.2d 643, 650 (Pa.Super. 2002) (stating that an order settling a case as to the remaining parties rendered the prior orders granting summary judgment final under Rule 341).").

Alternatively, even if the May 12, 2015 order was a final order because the claims against Mary Kirkaldie, individually, were "illusory," as appellants argue, and therefore, the trial court lacked jurisdiction to rule on Mary Kirkaldie's July 2, 2015 preliminary objections, the matter is basically moot. Appellants failed to respond to Mary Kirkaldie's preliminary objections, and they concede on appeal that their negligence claims against Mary Kirkaldie were based solely upon Louis Kirkaldie's negligence in the underlying accident. (Appellants' brief at 14.) There were no factual allegations in the complaint connecting Mary Kirkaldie to appellants or the subject accident. The only facts alleged were that she was Louis Kirkaldie's wife and was the policyholder of excess liability coverage. According to appellants, by barring them from proceeding against Mary Kirkaldie in her role as executrix of the Estate, the trial court effectively determined the

rights of the parties and extinguished all of appellants' viable claims. (Appellants' brief at 13.)

We now turn to appellants' primary argument on appeal, which is that by naming Mary Kirkaldie and the Estate as defendants before the statute of limitations ran, they satisfied 20 Pa.C.S.A. § 3373, which provides, "An action or proceeding to enforce any right or liability which survives a decedent may be brought by or against his personal representative alone or with other parties as though the decedent were alive." Appellants argue that the statute merely requires that the action be brought against the decedent's personal representative, not that a defendant be named in that role. (Appellants' brief at 18.) According to appellants, "The statute does not require, or render it a fatal defect, if the caption does not state that the person is named as a defendant in his or her capacity as the personal representative." (*Id.*) Therefore, appellants argue that the trial court should have focused on whether they listed the personal representative of the Estate as a defendant, which they did. (*Id.* at 17.) Appellants argue that it was not a fatal defect that they did not identify Mary Kirkaldie in her capacity as executrix until after the statute of limitations had expired, and therefore, the trial court erred in granting summary judgment. (*Id.* at 16-17.) We disagree.

> Th[e] scope of review of an order granting summary judgment is plenary. Our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an

error of law or clearly abused its discretion. Summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of a genuine issue of material fact against the moving party. When the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment.

*Atcovitz v. Gulph Mills Tennis Club, Inc.*, 812 A.2d 1218, 1221-1222 (Pa. 2002).

As stated above, the accident in this case occurred on December 23, 2011. Louis Kirkaldie died on September 19, 2012, and an Estate was raised on August 13, 2013. Appellants filed a writ of summons on December 13, 2013, naming Louis and Mary Kirkaldie as defendants. However, it is well settled that an action filed against a dead person is void *ab initio*. *See Custren v. Curtis*, 572 A.2d 1290, 1291 (Pa.Super. 1990), *appeal denied*, 593 A.2d 419 (Pa. 1991) ("A dead man cannot be a party to an action, and any such attempted proceeding against him is completely void and of no effect." (citations omitted)).

On December 23, 2013, the day the statute of limitations was to expire, appellants filed a "Summons in Civil Action for Additional Defendant," issued to the Estate of Louis Kirkaldie. However, appellants did not name Mary Kirkaldie, in her capacity as personal representative of the Estate, as a defendant. *See Nelson v. Estate of Massey*, 686 A.2d 1350, 1351

(Pa.Super. 1996), ***appeal denied***, 694 A.2d 622 (Pa. 1997) (estate of the decedent is not a proper party-defendant; rather, any action that survives a decedent must be brought by or against the personal representative), citing ***Finn v. Dugan***, 394 A.2d 595, 596 (Pa.Super. 1978); ***Marzella v. King***, 389 A.2d 659, 660 (Pa.Super. 1978) ("It is well settled that all actions that survive a decedent must be brought by or against the personal representative.") (citations omitted).

Appellants finally filed a complaint on October 29, 2014, outside the applicable 2-year statute of limitations, naming as defendants Mary Kirkaldie as Executrix of the Estate of Louis Kirkaldie and Mary Kirkaldie, Individually. They also filed a praecipe to amend the caption, requesting the prothonotary to amend the defendants' side of the caption from Louis Kirkaldie and Mary Kirkaldie (h/w) and Estate of Louis Kirkaldie, to Mary Kirkaldie, as Executrix of the Estate of Louis Kirkaldie and Mary Kirkaldie, Individually. Unfortunately for appellants, it was too late to amend the caption at that point, as the statute of limitations had run. ***Marzella***, ***supra*** (affirming trial court's order granting defendants' motions to dismiss and denying plaintiffs leave to amend their complaint, after the running of the statute of limitations, to name the administrator of the estate as a party, where they knew the decedent had died when they filed the praecipe for writ of summons naming the estate as a defendant, but made no effort to revise the praecipe to designate the administrator as a party); ***Finn***, ***supra*** (an

amendment to the complaint to later name the personal representative of the estate could not be made since the statute of limitations had run); ***Thompson v. Peck***, 181 A. 597, 598 (Pa. 1935) (reversing an order granting the plaintiff's petition to name the decedent defendant's executors as the proper parties after the running of the statute of limitations, stating, "[t]here can be no amendment where there is nothing to amend.  In any event, an amendment, the effect of which is to bring in new parties after the running of the statute of limitations, will not be permitted." (citations omitted)).

As discussed above, the crux of this appeal is whether appellants' naming of Mary Kirkaldie as a defendant within the two-year limitations period is sufficient to satisfy 20 Pa.C.S.A. § 3373.  Appellants argue that there is no authority for the proposition that failure to specify the defendant's role as personal representative is a fatal defect.  (Appellants' brief at 19.)  Appellants contend that all that is required is that the personal representative be appointed prior to expiration of the statute of limitations, and that the personal representative be named as a defendant before the expiration of the statute of limitations.  (***Id.*** at 18.)  We disagree.

We find the following decisions to be instructive.  In ***Lovejoy v. Georgeff***, 303 A.2d 501 (Pa.Super. 1973), the underlying accident occurred on November 8, 1968.  ***Id.*** at 502.  The alleged tortfeasor, the driver of the vehicle, died the day following the accident, which was known to the

plaintiffs. ***Id.*** After settlement negotiations fell through, the plaintiffs had citations issued to the decedent's parents notifying them that letters of administration on his estate had been applied for, and directing them to appear before the Register of Wills to take action or explain their position with regard to the application. ***Id.*** The citations were issued on November 2, 1970, within two years of the accident, but they permitted the parents to appear as late as November 12, 1970, after the two-year period would have elapsed. ***Id.***

On November 5, 1970, the plaintiffs filed a writ of summons naming as defendants Nicholas Georgeff, both as an individual and in his capacity as "administrator" of the tortfeasor's estate, and Robert J. Georgeff as an individual. ***Id.*** at 502-503. However, Nicholas Georgeff, the father of the driver, had not applied for letters of administration until November 12, 1970, the final day permitted in the citations for appearance. ***Id.*** at 502. The mother of the driver renounced her right to letters. ***Id.***

On July 7, 1971, following the filing of the plaintiffs' complaint, Nicholas Georgeff moved for judgment on the pleadings, which was granted insofar as the pleadings related to Nicholas Georgeff as administrator. ***Id.*** at 503. The plaintiffs appealed, and this court affirmed, finding that because Nicholas Georgeff had not yet received letters of administration on November 5, 1970, when the writ of summons was issued, the statute of limitations barred any claim against him in his capacity as administrator.

This court in *Lovejoy* refused to toll the statute by relating back the appointment of Nicholas Georgeff to the time of the filing of the writ of summons. *Id.* at 503-504. The *Lovejoy* court found that with the exercise of ordinary diligence, the plaintiffs could have secured the appointment of an administrator prior to suit within the two-year time period:

> Here appellants knew of the tortfeasor's death the day after the accident, knew what they had to do to raise administration, and slept on their rights until a few days before the 2-year statutory period was to expire.

*Id.* at 504. Thus, in *Lovejoy*, even though the timely writ of summons named Nicholas Georgeff, "administrator" as a defendant, it was held that the statute of limitations acted as a complete bar to recovery:

> Absent a relation back of letters to that date [(November 5, 1970)], no personal representative of the decedent can be considered to have been in existence at the time of filing of the summons.

*Id.* at 503 n.3 (citation omitted).

> Consequently, unless the appointment of Nicholas Georgeff related back to the time of filing of the summons, the filing would not have tolled the statute of limitations with respect to the deceased driver's estate.

*Id.*

Similarly, in *Miller v. Jacobs*, 65 A.2d 362 (Pa. 1949), the plaintiff brought suit against "Harry P. Jacobs, Administrator of the Estate of J.A. Jacobs, Deceased." *Id.* at 364. The victim, James Edward Miller, died in 1945 while a passenger on a ferryboat operated by Harry P. Jacobs, and a

wrongful death action was instituted to recover damages for his death. *Id.* at 363-364. J.A. Jacobs had operated the ferry until his death in 1904. *Id.* at 363. Miller had been pushed off the ferry by an automobile rolling forward and striking him, and he drowned. *Id.* The negligence alleged was failure to secure the automobiles on the ferry and failure to have an employee stationed on the boat, in violation of federal regulations. *Id.* at 364. Recovery was being sought from the estate and not from the administrator in his individual capacity. *Id.* However, the decedent's estate was exempt from liability. *Id.* at 364-365.

On appeal from the grant of judgment notwithstanding the verdict, the plaintiff, the administratrix of Miller's estate, argued that she should be allowed to amend the name of the defendant by striking off the words "Administrator of the Estate of J.A. Jacobs, Deceased," leaving Harry P. Jacobs named as an individual. *Id.* at 365. Our supreme court rejected the plaintiff's position, stating,

> While it is true that the name of a party ***already on the record*** may be corrected at any time, it is elementary that a ***new party***, or a party ***in a different capacity***, cannot be brought on the record after the statute of limitations has become a bar.

*Id.* (emphasis in original).

> So in ***Stine v. Herr, Administratrix***, 78 Pa. Super. 226, the court refused to allow a judgment in an action of trespass against a defendant as administratrix of the estate of a decedent to be amended, more than two years after the right of action had accrued, so as to bring the defendant

> upon the record in her individual capacity. And in **Barrett v. First Mechanics National Bank**, 133 Pa. Super. 366, 370, 3 A.2d 36, 38, where an attachment was brought against the executors of a decedent's estate as defendants, it was said that "While the plaintiff may have a cause of action against the defendants personally * * * he did not bring his action in that form. * * * [and] **a change of the defendant from a representative to an individual capacity, or vice versa, cannot be made after the statute of limitations has run, for it involves a change of parties.**"

**Id.** (emphasis added).

Therefore, appellants' argument that merely listing Mary Kirkaldie as a defendant was sufficient to satisfy 20 Pa.C.S.A. § 3373 misses the mark. A party cannot be sued in a different capacity after the running of the statute of limitations. As the trial court observed,

> By the time [appellants] finally filed a complaint in October, 2014, with an amended caption, by agreement, to reflect that Mary Kirkaldie was the personal representative of Louis Kirkaldie, as Executrix of the Estate of Louis Kirkaldie, the statute of limitations had already run. This was the first time, three years after the accident, that [appellants] properly asserted a claim against the Estate.

Order, 5/12/15 at 3 n.1. We are constrained to agree. Therefore, the trial court did not err in granting summary judgment for appellees.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/23/2016</u>